IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR22 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP R. DURACHINSKY, | ) | MOTION TO CORRECT INDICTMENT |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Daniel J. Riedl, Assistant United States Attorney, and Brian L. Levine, Senior Counsel for the U.S. Department of Justice hereby respectfully move this Court to correct a clerical error in the Indictment (R. 1: Indictment, PageID 105). Specifically, the government seeks to remove two erroneously-included subsections in Count 1 as set forth below.

COUNT 1
(Damaging Protected Computer(s), 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B))

The Grand Jury charges:

The factual allegations of paragraphs 1 through 9 of this Indictment are hereby repeated, re-alleged and incorporated by reference as if fully set forth herein.

From in or around 2003 through on or about January 20, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant PHILLIP R. DURACHINSKY did knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, to wit: the offense caused damage affecting ten (10) or more protected computers during a one (1)-year period, and the offense caused loss to persons during a one (1)-year period from Defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)~~(I) and (VI)~~.

(R. 1: Indictment, PageID 107). Count One contains a typographical error in the statute citation. The last sentence of Count 1 mistakenly includes two additional subsections of 18 U.S.C. § 1030(c)(4)(B), specifically, (I) and (VI). However, these subsections do not exist under Section 1030(c)(4)(B), and as such, any citation to these subsections is merely a clerical error. The government also notes the statute citation is correct in the first portion of the charge, immediately underneath "Count 1." The government therefore seeks to correct Count One of the Indictment to remove the citation to the additional subsections of Section 1030(c)(4)(B). The proposed change is a matter of form, and does not pertain to an element of the offense charged.

"It is well settled that an indictment may not be materially amended except by resubmission to the grand jury." United States v. Mumford, 991 F.2d 797, at *4, 1993 WL 128502 (6th Cir. 1993). "Certain types of changes, however, fall outside of the prohibition against amending an indictment other than by a grand jury." Short v. United States, 471 F.3d 686, 693 (6th Cir. 2006). Such changes include clerical errors, i.e., "changes that are merely matters of form." Id.; see also Russell v. United States, 369 U.S. 749, 770 (1962) (noting "well settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form."). Furthermore, a correction is permissible "if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial." United States v. Young Bros., Inc., 728 F.2d 682, 693 (5th Cir. 1984) (citation omitted).

Accordingly, upon motion of the United States, the Court may correct clerical or typographical errors in an indictment that are not substantive in nature. See United States v. Dhinsa, 243 F.3d 635, 667 (6th Cir. 2001) ("the district court or the prosecutor may make

2

ministerial changes to the indictment, such as to correct a misnomer or typographical errors.") (internal quotation and citation omitted); United States v. Lim, 984 F.2d 331, 337 (9th Cir. 1993) (district court did not err in amending typo in statute citation); United States v. Leichtman, 948 F.2d 370, 376 (7th Cir. 1991) (modification "to correct for a typographical or clerical error or a misnomer" is permissible); United States v. Neill, 166 F.3d 943, 947-48 (9th Cir. 1999) (district court did not err in granting a motion to amend the indictment, during jury deliberations, where one bank robbery count referred to the wrong bank). Because the errors highlighted above are clerical and do not affect the substance or elements of charged crimes, the United States moves to correct Count 1 of the Indictment to read as follows:

<u>COUNT 1</u>
(Damaging Protected Computer(s), 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B))

The Grand Jury charges:

The factual allegations of paragraphs 1 through 9 of this Indictment are hereby repeated, re-alleged and incorporated by reference as if fully set forth herein.

From in or around 2003 through on or about January 20, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant PHILLIP R. DURACHINSKY did knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, to wit: the offense caused damage affecting ten (10) or more protected computers during a one (1)-year period, and the offense caused loss to persons during a one (1)-year period from Defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B).

The Indictment contains a clear typographical error. The error did not mislead Durachinsky as to the charges against him. Citing to § 1030(c)(4)(B) makes clear the crime with which Durachinsky was charged. Indeed, Durachinsky was not prejudiced by the incorrect citation of the additional subsections. Moreover, the proposed change does not pertain to an

element of the offense charged, nor change the nature of the alleged crime. The proposed correction to the Indictment is therefore simply a "matter of form," and not of substance. See Short, 471 F.3d at 693; United States v. Kegler, 724 F.2d 190, 194 (D.C. Cir. 1983) ("An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burden, and is not otherwise prejudiced."); United States v. Willoughby, 27 F.3d 263, 266 (7th Cir. 1994) (amendments of technical, clerical, or other typographical errors are "generally benign" if they "would not alter the essential substance of the charged offense"). Additionally, there is authority from a court outside the Sixth Circuit allowing just the sort of correction the government presently seeks. See Lim, 984 F.2d at 337 (district court did not err in amending typo in statute citation). The United States therefore respectfully requests that its Motion to Correct Indictment be granted.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:  /s/ Daniel J. Riedl
        Daniel J. Riedl (OH: 0076798)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3669
        (216) 685-2378 (facsimile)
        Daniel.Riedl@usdoj.gov

        Brian L. Levine (DC: 480216)
        Senior Counsel
        United States Department of Justice
        1301 New York Avenue, Suite 600
        Washington, DC 20005
        (202) 616-5227
        (202) 514-6113 (facsimile)
        Brian.Levine@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of June 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/ Daniel J. Riedl
                                                Daniel J. Riedl
                                                Assistant U.S. Attorney