IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | CASE NO.: 1:18-CR-22 |
| ) | | |
| Plaintiff ) | | JUDGE: SOLOMON OLIVER, JR. |
| ) | | |
| vs. ) | | |
| ) | | |
| PHILLIP DURACHINSKY, ) | | |
| ) | | **DEFENDANT PHILLIP DURACHINSKY'S** |
| Defendant ) | | **MOTION FOR A BILL OF PARTICULARS** |

Defendant Phillip Durachinsky, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 7(f)**,** as well as the Sixth Amendment of the United States Constitution, respectfully requests that This Honorable Court order the Government to furnish Defendant with a Bill of Particulars as to the following specific counts of the Indictment, addressing the following respective particulars:

**A. Count 1 – Damaging Protected Computers 18 U.S.C. 1030(a)(5)(A) and (c)(4)(B)**

1. Identify the particular <u>date</u>, and <u>specific conduct and/or acts</u> performed by Defendant that "caused the transmission of a program, information, code, and command" that caused damage to a protected computer. Identify the <u>specific computer damaged</u>, and the <u>owner of said computer</u>.

2. Identify the particular <u>date</u>, and <u>specific conduct and/or acts</u> performed by Defendant that caused damage affecting ten (10) or more

computers during a one (1) year period. Identify the <u>specific computers damaged</u>, and the <u>owners of said computers</u>.

3. Identify the particular <u>date</u>, and <u>specific conduct and/or acts</u> performed by Defendant that caused damage affecting protected computers in aggregation of at least $5,000 in value. Identify the <u>specific computers damaged</u>, and <u>owners of said computers</u>.

4. Identify the <u>specific owner, by name and address</u>, of any computer that the Government believes Defendant damaged or accessed, as well as identify the <u>specific computer</u> owned by that owner. (This request also encompasses Count 2).

**B. Count 2 – Accessing Protected Computers 18 U.S.C. 1030(a)(2) and (c)(4)(B)(i) and (c)(4)(A)(i)(I)**

1. Identify the particular <u>date</u>, and <u>specific conduct and/or acts</u> performed by Defendant, by which he intentionally accessed a computer without authorization and thereby obtained information from a protected computer. Identify the <u>specific computer accessed</u> and <u>owner of said computer</u>.

**C.   Count 3 – Production of Child Pornography 18 U.S.C. 2251(a)**

1.  Identify <u>the specific minors</u> that were "used" by Defendant in violation of this statute, and the <u>specific dates</u> on which that occurred.

**1.    Counts 4,5, and 6 – Wire Fraud  18 U.S.C 1343 and 2**

1. Identify any <u>individuals that acted in complicity</u> with Defendant pursuant to 18 U.S.C 2**.**

2. Identify the <u>specific "materially false and fraudulent pretenses,</u> <u>representations and promises"</u>, as well as the <u>specific dates</u> on which they occurred,  that Defendant used in committing Counts 4,5, and 6.

3. Identify the <u>specific transmissions</u> that are alleged to have occurred for Counts 4, 5, and 6, as well as the <u>specific dates</u> on which they occurred.

**E**. **Counts 7, 8, 9, and 10 – Aggravated Identity Theft  18 U.S.C 1028A(a)(1) and 2**

1. Identify the <u>specific violation</u> of Wire Fraud 18 U.S.C. 1343, and <u>specific date</u> on which it occurred, that corresponds to the specific violation of Counts 7 through 10, as set forth in the Indictment.

**F. Count 11 – Accessing Government Computer Without Authorization 18 U.S.C 1030(a)(3) and (c)(2)(A)**

1. Identify the <u>specific computer</u>, and its <u>location</u>, that was accessed by Defendant, as well the <u>specific date(s)</u> that it was accessed.

2. Identify the <u>"subsidiary" of the Department of Energy</u> that "owned and operated" the above referenced computer.

<u>**MEMORANDUM IN SUPPORT**</u>

Rule 7(c)(1) of the Federal Rules of Criminal Procedure describes the nature and contents of an indictment:

> The indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated

by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated.

Rule 7(f) of the Federal Rules of Criminal Procedure, which governs the furnishing of a Bill of Particulars states as follows:

The court may direct the government to file a Bill of Particulars. The defendant may move for a Bill of Particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a Bill of Particulars subject to such conditions as justice requires.

The Sixth Amendment of the United States Constitution requires that every person accused of a crime "be informed of the nature and cause of the accusation". U.S. Const. amend. VI.   The Fifth Amendment of the United States Constitution states: "….nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb…." U.S. Const. amend. V.   Federal Rule of Criminal Procedure 7(c)(1) requires the indictment to set out each element of the statutory violation in order to sufficiently inform the defendant of the offense against which she must defend. Hamling v. United States, 418 U.S. 87, 117, *reh'g denied,* 419 U.S. 885, (1974); Allen v. United States, 867 F.2d 969, 971 (6th Cir. 1989). The indictment must also be sufficient to bar any subsequent prosecution for the same offense. Hamling v. United States, 418 U.S. at 117, Allen v. United States, 867 F.2d at 971.

The purpose of a Bill of Particulars is to: (1) inform the accused of the charge against him with sufficient particularity to enable him to prepare a proper defense and avoid prejudicial surprise at trial, and (2) enable him to plead his acquittal or conviction to bar any future prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Salisbury, 983 F.2d 1369, 1374 (6th Cir. 1993). Further, the Sixth Circuit of Appeals has stated the following:

> A Bill of Particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. Salisbury, 983 F.2d at 1375 citing United States v. Birmley (6th Cir. 1976), 529 F.2d 103, 108; Haskins, 345 F.2d at 114.

In light of the nature of this particular case, as well the absent of specificity in certain counts of the Indictment, the Bill of Particulars requested by Defendant Durachinsky would serve to achieve both of the above purposes set forth in U.S. v. Salisbury, supra. Additionally, and very importantly, a Bill of Particulars will enable Defendant to determine whether or not it is necessary to assert a statute of limitations defense regarding Defendant's acts and/or conduct for which prosecution would be barred with respect to the statute of limitation applicable to the respective counts of the indictment.

The Indictment, in the case at bar, basically alleges that the Defendant, over a 14 year period (2003 through 2017), hacked into thousands of computers individually, placed malware on those computers individually, was able to exert control over those computers individually, stored data on some of the computers, and caused damaged to

those computers (Counts 1,2, and 4-11). The indictment also alleges that through the manipulation of the webcam of at least one of the aforementioned computers, Defendant, over an approximately 6 year period ( 2011 to 2017) took/received photographs of individuals under the age of eighteen, which according to the Government constituted the production of child pornography (Count 3). Finally the indictment alleges that Defendant manipulated the microphone on some of the computers, and recorded conversations that took place within the audio range of those computers (Counts 12- 16).

However, it is clear from a plain reading of the Indictment that the vague, indefinite, and general allegations in the various counts of the Indictment, referenced above, do not provide adequate information to: (1) identify the specific victim and computer which were the subject of the specific criminal acts/conduct by the Defendant; (2) identify the specific criminal act/conduct by the Defendant which corresponds to the specific victim and computer; and, (3) identify the specific date on which the alleged criminal offense occurred. From the discovery material received to date by Defendant, there is no suggestion that the Government is not capable of furnishing the requested specificity, especially where such specificity had to have been provided to the grand jury issuing the Indictment. Furthermore, without a doubt, at trial, the Government will certainly be offering an exhibit(s) which will attempt to very persuasively summarize, for the jury's benefit, all of the items requested in the Bill of Particulars currently being sought by Defendant. It should also be emphasized that Defendant is not attempting, through this requested Bill of Particulars, to obtain

detailed disclosure of all evidence held by the Government before trial, or discover all the overt acts that the Government may attempt to prove at trial.

As argued above, in addition to needing the requested information in order to adequately prepare for trial, Defendant needs the requested Bill of Particulars to prevent being subject to a subsequent prosecution for same offenses that he is being subjected to prosecution in the case at bar. Due to the extremely large volume of individual criminal acts that the Defendant is accused of committing (involving "thousands of computer's" according to the Indictment language at Paragraph 4), it is necessary for the Government to identify, before trial, which of those specific acts (including date and corresponding victim/computer), are the subject matter of the different counts of the Indictment. Otherwise, Defendant will be left unable to avail himself of a Fifth Amendment double jeopardy defense in a possible subsequent prosecution which involve some/all of the criminal acts that form the basis of the current Indictment.

## CONCLUSION

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes This Court to order the filing of a Bill of Particulars whenever an indictment fails to sufficiently appraise the defendant of the charges of the indictment, so a defendant can prepare an adequate defense, including availing himself of the relevant statutes of limitation. Defendant is entitled to a grant of a Bill of Particulars as referenced in his motion. Absent this information, Defendant is unable to prepare an adequate defense to the charges set forth in Counts One through Eleven, and he will be deprived of his

constitutional right to avoid double jeopardy by pleading his acquittal or conviction as a bar to any future prosecution for the same offense(s).

For the foregoing reasons, Defendant Durachinsky respectfully requests that his motion for an order directing the Government to provide the aforementioned Bill of Particulars be granted.

Respectfully submitted,

/s/ Thomas E. Conway
Thomas E. Conway (Reg. 0021183)
Attorney for Defendant
55 Public Square  Suite 2100
Cleveland, Ohio  44113
(216) 210-0470 - phone
(216) 696-1718 - Fax
teconway@sbcglobal.net - Email

## CERTIFICATE OF SERVICE

I certify that the forgoing was filed electronically on July 4, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and can be accessed through said system.

/s/ Thomas E. Conway
Thomas E. Conway
Attorney for Defendant