IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-22 |
| | ) | |
| Plaintiff | ) | JUDGE: SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIP DURACHINSKY, | ) | **DEFENDANT PHILLIP DURACHINSKY'S** |
| | ) | **MOTION TO DISMISS COUNT THREE** |
| Defendant | ) | **OF THE INDICTMENT** |

Defendant Phillip Durachinsky, by and through counsel, respectfully requests that This Honorable Court: (1) conduct a pretrial examination of the various photographs that the Government seeks to offer in evidence at trial in support of proving Count Three – Production of Child Pornography 18 U.S.C 2251(a); (2) find, as a matter of law, that the various photographs are not visual depictions of "sexually explicit conduct" as required by 18 U.S.C.2251(a); and, (3) dismiss Count Three of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), in that the count "fails to state an offense". Defendant asserts that as a matter of law, the above referenced photographs do not depict "sexually explicit conduct". The effect of indicting Defendant on the heinous, yet legally unsupportable charge of Production of Child Pornography is to cause the jury to become unfairly prejudiced against Defendant with respect to the other counts charged in the indictment. This will lead to a failure of due process, and prevent the Defendant from receiving a fair trial as to the remaining non-sex offense charges in the indictment.

1

## **BACKGROUND**

The indictment, in the case at bar, basically alleges that the Defendant, over a fourteen (14) year period (2003 through 2017), hacked into "thousands of computers", placed malware on those computers individually, was able to exert control over those computers individually, stored data on some of the computers, and caused damaged to those computers (Counts 1,2, and 4-11). The indictment also alleges that Defendant manipulated the microphone on some of the computers, and recorded conversations that took place within the audio range of those computers (Counts 12- 16). During the time period that Defendant was receiving data, including pictures from the target computers, over 10 terabytes of data, including an uncountable number of photographic images, were stored on his computer and computers under his control.

Finally, and relevant to this motion, the indictment also alleges that through the manipulation of the webcam of at least two of the aforementioned computers, Defendant, over an approximately six (6) year period ( 2011 to 2017) received a small number of photographs, of three individuals under the age of eighteen, which according to the Government allegedly depicted "sexually explicit conduct" – a necessary element of the offense of Production of Child Pornography (Count 3).  It appears from discovery obtained from the Government, that there are two minors that are the possible alleged victims of this count.  Defendant does not know this for certain since the Government has  never formally identified who the alleged minor or minors are, and has not responded to either *Defendant Phillip Durachinsky's Motion For A Bill Of Particulars* (Doc. #54) which requested, among other items, that the Government:  "*Identify <u>the specific minors </u>that were "used" by Defendant in violation of this statute, and the <u>specific dates</u> on which that occurred",* or *Defendant Phillip Durachinsky's Motion to Compel* (Doc. # 83) which requested,  among

2

other items: *"the "specific computer files/data relied upon by the Government to prove the child pornography count, as well as the other counts."*

The two probable alleged victims are minors belonging to what will be referred to as "Family A", and their images were received from Family A's laptop computer. The one alleged victim is a female minor, and the other alleged victim is a male minor brother. (Hereinafter referred to as "Family A Female" - age 13 at the time of first photograph, and "Family A Male" – age 15 at the time of first photograph). Additionally, Defendant, through discovery, is aware of a minor female (Hereinafter "Family B Female" - age 17 at the time of first photograph) from another family (Hereinafter "Family B"), who was photographed by her family computer as well.

Based upon review of a voluminous amount discovery material, it is undisputed that all of the photographs at issue were taken automatically by a high-speed motion detecting camera malware, surreptitiously placed through the internet, on Family A's and Family B's home laptop computers. It is also undisputed that Defendant was not physically present when any of the photographs were taken; never had physical control over the laptop computers or their location or use; was never in communication with, or exerted any control over, any of the three alleged minor victims; and, never altered, cropped, or zoomed in on any of the original photographs that were taken by the laptop camera.

Out of the approximately 54,000 photographs taken by Family A's computer (which was used by all of the family members) over a 5-year period, only 1 purportedly shows Family A Female's pubic area. Approximately 6 show Family A Female's breasts. Out of that same number of photographs, only approximately 15 purportedly show Family A Male's penis. Since the laptop was used by both Family A Female and Family A Male in

3

bedrooms and in the bathroom, while changing, showering and using the toilet, none of the scenes depicted was out of the ordinary for someone undertaking those activities. All of the above photographs which depicted breasts, penis, or pubic area, contained only the one individual.

Out of the approximately 1,400 photographs taken by Family B's computer, only 1 showed Family B Female's breasts while she was a minor. This photograph occurred when she was 17 years old, and while changing clothes. There are no photographs of her in which either her genitalia or pubic area is depicted.

## LAW AND ARGUMENT

Count Three of the Indictment charges a violation of 18 U.S.C. 2251(a), Sexual Exploitation of Children: Using a Minor to Engage in Sexually Explicit Conduct to Produce a Visual Depiction ("Production of Child Pornography" in indictment). The relevant portions of Count Three, that the Government must prove, reads as follows:

> ….Defendant Phillip R. Durachinsky did use a minor and minors to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2) for the purpose of producing a visual depiction of such conduct……….

Therefore, one of the elements that the Government must prove is that Defendant **did use a minor and minors to engage in sexually explicit conduct.** As the 6th Circuit Pattern Jury Instructions at 16.01 states:

> (C) The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of **sexually explicit conduct**, and that the defendant knew the character and content of the visual depictions.

4

> (D) The term **sexually explicit conduct** means actual or simulated [*insert one or more from five options below*]
>> [(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex];
>> [(ii) bestiality];
>> [(iii) masturbation];
>> [(iv) sadistic or masochistic abuse];
>> [(v) **lascivious exhibition of the genitals or pubic area of a person.** In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.]

The above six factor test, to be considered in determining whether an exhibition of the genitals or pubic area of a person is lascivious, was set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), and is the proper legal standard for determining whether a photograph or video is "lascivious". United States v. Brown, 579 F.3d 672 (6th Cir. 2009). Importantly, it is well established that "nudity alone, without more, cannot be "child pornography" under Federal law". United States v. Davis, 751 F.3d 769,776 (6th Cir. 2014)

The relevant section of the jury instruction defining "sexually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person". 18 U.S.C.

2256(2)(A)(v). No other subsections of the jury instruction defining "sexually explicit conduct" are applicable in the instant case.

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) requires that a challenge to a defect in the indictment for a failure to state an offense must be raised in a pretrial motion if the basis for the motion is reasonably available and can be determined without a trial on the merits. Generally, motions are capable of determination before trial if they raise questions of law rather than fact. United States v. Jones, 542 F.2d 661,664 (6th Cir. 1976). District Courts may make preliminary findings of fact necessary to decide issue of law presented by pretrial motions, so long as the trial court's conclusions do not invade the province of the ultimate finder of fact. United States v. Craft, 105 F.3d 1123,1126 (6th Cir. 1997); United States v. Levin, 973 F.2d 463,467 (6th Cir. 1992). While a number of Circuits restrict district courts faced with a motion to dismiss to considering only the face of the indictment, the Sixth Circuit is not so strict. In the Sixth Circuit, legal questions may be decided by the court on a motion to dismiss where trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the indictment. United States v. Asgari, No. 1:16-CR-124 (N.D. Ohio March 5, 2018) (Quoting Jones, 542 F.2d at 665).

Relevant to the situation in the case at bar, some courts outside of the Sixth Circuit have recommended conducting a preliminary review of alleged pornographic materials to avoid prejudice. While the question of whether material depict "lascivious exhibition of the genitals", an element of the crime, is for the trier of fact, the meaning of lascivious exhibition of the genitals is an issue of law. United States v. Rayl, 270 F.3d 709,714 (8th Cir. 2001). In Rayl, the Court recommended that trial judges conduct a preliminary review of whether materials offered by the Government for this purpose depict sexually explicit conduct as a

6

matter of law. Id. Such an examination is necessary "[b]ecause the issue raises First Amendment concerns and because of the potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could be properly found to be child pornography". Id. In United States v. Poulin, 592 F. Supp. 2d 132 (D. Me. 2008), the Court acknowledged the possibility of a pretrial ruling on the admissibility of depictions in a child pornography case under Fed. R. Evid. 104 and 403. Examples of evidentiary issues that may be determined by pretrial ruling are: whether the images are relevant, whether they are so numerous that cumulative evidence considerations substantially outweigh their probative value, and whether they fall so far short of the statutory definition of lascivious exhibitions that their admission would be unfairly prejudicial. Id. At 136 n.3.

In the case at bar, it is clear that Family B Female cannot be a victim of Count Three since none of her photographs depict her genitalia or pubic area. With regard to Family A Female and Family A Male, Defendant anticipates that the photographs that will be offered by the Government in support of Count Three, are on their face, not depictions of the "lascivious exhibition of the genitals or pubic area of a person". At most these photographs are the uncontrolled (by Defendant) depictions of teenagers undertaking the activities of everyday living which involve various degrees of nudity. They are not depictions of the teenagers engaging in explicit sexual conduct.

It will be clear after viewing the relevant photographs that the Government is attempting to pound a square peg into a round hole by charging Defendant with the Production of Child Pornography. It is worth comparing the alleged offense and the statute at issue - 18 U.S.C. 2251(a) Production of Child Pornography, with the Federal

7

Video Voyeurism statute 18 U.S.C. 1801 as was done in <u>United States v. Johnson</u>, 719 F.Supp. 2d 1059, 1068-1070 (W.D. Mo. 2010), where the District Court stated the following:

> Section 1801 prohibits knowingly and intentionally "captur[ing] an image of a private area of an individual without their consent" when they have a reasonable expectation of privacy". "[T]he term "a private area of the individual" means the naked or undergarment clad genitals, pubic area, buttocks, or female breast of that individual". 18 U.S.C. 1801(b)(3). "Congress was fully aware of the terms it used in these statutes and…did not intend for this type of conduct i.e., voyeurism to be charged under Section 2251 as sexual exploitation." <u>Johnson</u>, 719 F.Supp2d at 1068. Videotaping of nudity as done by Mr. Johnson would clearly be a violation of the video voyeurism statute. It is quite clear to this Court that Congress intended for violations of Section 2251(a) to involve a far more aggravated set of circumstances – just as the language used would imply -than violations under the much milder and broader choice of words used to describe voyeurism. This distinction is explicitly reflected in the vastly different punishments provided for the crimes. Sexual exploitation of children (Section 2251(a)) carries a fifteen (15) year minimum sentence. Video Voyeurism (Section 1801) caries a one (1) year maximum sentence." Id. At 1069. "[I]n the more serious Section 2251 crime, the minor victim is persuaded to engage in sexually explicit conduct…In the lesser offense, Section 1801 (Voyeurism) there is no persuasion of the victim. The preparator simply takes the victim's picture at a time when the victim is nude and has an expectation of privacy." <u>Id</u>.
> 
> The legislative history for Section 1801 in H.R. Rep. No. 108-504 (2004) states: The issue of "video voyeurism" is becoming a greater privacy concern. The development of small, concealed cameras and cell phone cameras, along with the instantaneous distribution capabilities of the Internet, have combined to create a threat to the privacy of unsuspecting adults, high school students, and children…..Assisted by this miniaturized technology, voyeurs have found their way to high school locker rooms, department store dressing rooms, and even homes.
> 
> Congress considered Section 1801"to be applicable regardless of whether the victims were adults…high school students… or children. One must conclude that Congress was well aware of the crimes to be covered by Section 2251 when it enacted Section 1801 to cover the perceived gap….Congress limited the application of Section 1801 to Federal property based upon its recognition that states have passed laws to target video voyeurism. It makes no sense in light of this specific legislation history to conclude that Congress intended that if a

perpetrator such as Mr. Johnson committed voyeurism on Federal property he would be charged under Section 1801 and face a one (1) year maximum sentence, but if the same offense was committed outside of Federal property, Congress intended for it to be charged under Section 2251 for which the perpetrator would face a fifteen (15) year minimum sentence. Theses are clearly two vastly different crimes." Johnson, 719 F. Supp2d at 1070.

In Johnson, supra, the Court wrote the above as part of its opinion in granting a motion for acquittal notwithstanding the verdict, after the defendant was convicted of a different offense other than the actual Production of Child Pornography offense that the Court was analyzing above, and which the Defendant in the case at bar is facing. That led to a reversal of the Court's ruling at the appellate court level. Notwithstanding that reversal, the above analysis by the District Court in Johnson, as to how a case charged as a Production of Child Pornography may actually have been a Video Voyeurism case is still valid.

In the case at bar, had the jurisdictional element been met regarding Defendant's alleged conduct, this would have properly been but a Video Voyeurism case.

## **EXCLUSION OF PHOTOGRAPHS**

Should the Court grant Defendant's Motion to Dismiss Count Three, Defendant requests that This Court exclude from evidence at trial, any and all photographs or videos, obtained from Defendant's computer, or computers under his control, which depict nudity or sexual conduct. Should This Court not grant Defendant's motion, Defendant asserts that all photographs or videos which do not pertain to the specific victims should properly be excluded. The grounds for the above requests are based upon Federal Rules of Evidence 401, 402, and 403.

Federal Rule of Evidence 401 states as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 states:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

First, any photograph or video depicting nudity or sexual conduct, which does not involve the specific alleged victims in Count Three is not relevant to Count Three. Therefore, it should be excluded. Secondly, even if said photograph or video was somehow relevant to another count of the indictment, its probative value is substantially outweighed by the danger of unfair prejudice. It will also confuse the issues, and it will mislead the jury. This evidence, especially since it involves violations of personal bodily privacy, will certainly unfairly prejudice Defendant and prevent him from receiving a fair trial. Therefore, said evidence should be properly excluded under Evidence Rule 403.

Respectfully submitted,

/s/ Thomas E. Conway
Thomas E. Conway (Reg. 0021183)
Attorney for Defendant
55 Public Square  Suite 2100
Cleveland, Ohio  44113
(216) 210-0470 - phone
(216) 696-1718 - Fax
teconway@sbcglobal.net - Email

**CERTIFICATE OF SERVICE**

I certify that the forgoing was filed electronically on December 30, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and can be accessed through said system.

/s/ Thomas E. Conway
Thomas E. Conway
Attorney for Defendant