IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18 CR 22 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP R. DURACHINSKY, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO COMPEL |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Justin E. Herdman,

United States Attorney, and Daniel J. Riedl, Assistant U.S. Attorney, and responds to

Defendant's Motion to Compel.  For the reasons set forth in the attached Memorandum in

Support, the government respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Daniel J. Riedl
Daniel J. Riedl (OH: 0076798)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3669
(216) 685-2378 (facsimile)
Daniel.Riedl@usdoj.gov

## MEMORANDUM IN SUPPORT

Defendant's Motion to Compel (R. 83: Motion, PageID 773-774) requests information that was (a) either already made available to Defendant, (b) does not exist or (c) he is not eligible to receive.

### I.    Legal Standard

### A.  Rule 16 Discovery

Under Federal Rule of Criminal Procedure 16(a)(1)(E):

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

"A defendant does not satisfy [the] requirement that an object be 'material to the preparation of the defendant's defense' by means of merely conclusory arguments concerning materiality." *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991) (internal citation omitted).  Rather, a defendant must make a prima facie showing of materiality.  *Id*.  While materiality has not been defined in a published opinion in this Circuit, in *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) the Sixth Circuit stated that,

> Materiality under Rule 16 has not been authoritatively defined in this Circuit.  However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Therefore, the rule applies only to " 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.' " *United States v. Robinson*, 503 F.3d 522, 532

(6th Cir.2007) (quoting *Armstrong*, 517 U.S. at 462, 116 S.Ct. 1480).

428 F. App'x at 624.  Additionally, the Sixth Circuit has held that evidence is not discoverable under Rule 16(a)(1)(E) as an item material to preparing a defense if the evidence supports rather than contradicts the government's case-in-chief.  *United States v. McCaleb*, 302 F. App'x 410, 415 (6th Cir. 2008).  Furthermore, the Sixth Circuit has stated that, "[c]ertainly, information withheld by the prosecution is not material unless the information consists of, or would lead directly to, evidence admissible at trial for either substantive or impeachment purposes.  *United States v. Phillip*, 948 F.2d 241, 249 (6th Cir. 1991) *See*, *e.g.*, *250  United States v. Kennedy*, 890 F.2d 1056, 1059–60 (9th Cir.1989), cert. denied, 494 U.S. 1008, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990); *United States v. Ranney*, 719 F.2d 1183, 1190 (1st Cir.1983); *United States v. Cuthbertson*, 651 F.2d 189, 195, 200 (3d Cir.), cert. denied, 454 U.S. 1056, 102 S.Ct. 604, 70 L.Ed.2d 594 (1981).

### B.  Giglio

In *Giglio vs. United States*, 405 U.S. 150 (1972), the Supreme Court held that impeachment information affecting the credibility of a witness falls within the parameters of *Brady*.  The Sixth Circuit has said that *Giglio* does not give "the defense a general right to pre-trial discovery."  *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir.1988).  Similarly, Rule 16 does not give the Defendant the right to pre-trial discovery of impeachment information.  *Id*. at 1285 ("[R]ule [16] provides no authority for compelling the pre-trial disclosure of *Brady* material, or of any other evidence not specifically mentioned by the rule.")  Instead, "due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial."  *Id*.  Additionally, impeachment

information depends on the government's decision on who is or may be called as a government

witness.

### C.  The Jencks Act

The Jencks Act provides that,

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). The Jencks Act defines "statement" as

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e). "The clear and consistent rule of the Sixth Circuit is that the intent

of Congress expressed in the Act must be adhered to and, thus, the government may not be

compelled to disclose Jencks Act material before trial." *Presser*, 844 F.2d at 1283 (citing *United

States v. Algie*, 667 F.2d 569, 571 (6th Cir.1982); *United States v. Carter*, 621 F.2d 238, 240 (6th

Cir.1980).  In *Presser*, the Sixth Circuit clarified that "any 'statement' in the government's

possession related to the subject matter of a government witness's testimony shall not 'be the

subject of subpoena, discovery, or inspection until said witness has testified on direct

examination in the trial of the case.'"  *Id*.  (citing 18 U.S.C. § 3500(a).  The *Presser* Court further

held that the *Brady* doctrine is not violated by the *Jencks* Act as long as *Brady* material is

disclosed in time for its "effective" use at trial.  *Id*.  ("Therefore, so long as the defendant is

4

given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated.") Thus, the *Presser* Court found that "district court overstepped its authority when it ordered the government to disclose impeachment evidence before trial." *Id*. at 1284.

Rule 16(a)(1)(G) contains no requirement about when disclosure must take place, other than that it must be "timely." Fed. R. Crim. P. 16 advisory committee's note to 1993 Amendment ("Although no specific timing requirements are included [for expert disclosures], it is expected that the parties will make their requests and disclosures in a timely fashion."). Whether a disclosure is timely is a matter within the trial judge's discretion, is often fact-specific, and likely depends on local rule or practice. *See Beltran-Arce*, 415 F.3d at 953 (disclosure required within twenty-four hours of defendant's Rule 16 discovery request); *United States v. Buchanan*, 964 F.Supp. 533, 538-39 (D. Mass. 1997) (excluding government's expert where, in two- year prosecution, government did not file its notice until seventeen days before trial, too late for defense to obtain its own expert); *United States v. Balogun*, 971 F.Supp. 1215, 1235 (N.D. Ill. 1997) (government permitted to provide disclosure three weeks before trial); *United States v. Finn*, 919 F.Supp. 1305, 1316 n.7 (D. Minn. 1995) (disclosures to be made as information becomes available, and no later than seven days before trial).

The government has complied with its obligations concerning discovery and notice of expert testimony. The defendant's demands for further disclosure are either unwarranted or given recent disclosures by the government, moot. The Court should therefore deny the Motion to Compel as to each of the grounds presented by the defendant.

    A. The Government Has Provided Sufficient Expert Notice Concerning "Fruitfly"

In its Motion, the defendant requests a written summary of expert testimony in Part 1A, "How Defendant's alleged software/malware was used to commit the offenses charged in each count of the Indictment," and in Part 1B, how the defendant's malware "operated, in general, and specifically with regards to the individual target computers." (*Id.* at PageID 773). The defendant has received adequate notice to the extent that expert testimony is necessary to explain the defendant's "Fruitfly" scheme. *See* Indictment, General Allegations, Paragraphs 3-9. (R.1 Indictment, PageID 105-06).

The government will prove the counts in the Indictment through factual means, including through witness-victim testimony, law enforcement agent testimony, and the files themselves. Nevertheless, on December 8, 2020, the government provided written expert notice for Joseph Corrigan, an employee of the Federal Bureau of Investigation ("FBI"). Although Corrigan may testify as to his investigation of multiple computers infected with the Fruitfly malware and their contents on a factual basis, without the need to be qualified as an expert, the government provided this notice out of an abundance of caution.

B.  Expert Notice Concerning Count 3 (Production of Child Pornography)

The Indictment charged the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). This is because the defendant captured through the Fruitfly malware several images of children engaged in sex acts, as well as children in a state of undress. The defendant seeks expert notice in Part 1C concerning whether he "would have had to have viewed any of the alleged child pornography images and/or files that were recovered in this case." (R.83: Motion to Compel, PageID 773). It appears the defendant is asking for a legal conclusion that the defendant must have viewed the images the defendant collected to be convicted of the offense; if so, the government has no obligation to provide a legal conclusion for the defendant.

To the extent that by "viewed" the defendant means "curated" or selected the files in order to retain the files, the defendant also seeks in Part 1D expert notice concerning whether the defendant "curated any of the alleged child pornography images and/or files that were recovered in this case." *Id.*  The government on December 8, 2020, provided supplemental written expert notice for Joseph Varani, an employee of the Department of Justice.  Among the topics to which Varani may testify is that in Varani's review of malware recovered from the defendant's computer, Varani located the "camrecorganizer" program, which would enable a user to efficiently select to save files and delete others.  As with Corrigan, the government does not concede that Varani must be qualified as an expert, but the government provided this notice out of an abundance of caution.

The defendant also seeks expert notice as to whether "any other alleged child pornography was found in any of the computer files and or data that was analyzed by the Government." *Id.*  The government does not seek to provide expert testimony on this topic, so there is no notice to provide.  To be clear, as suggested by the defendant's use of the adjective "other" to modify the "alleged child pornography" set, the defendant is aware of what files the government may argue constitute the child pornography in the Indictment.

Indeed, in Part 3, the defendant seeks the "specific computer files/data relied upon by the Government to prove the child pornography count, as well as the other counts."  (*Id.* at PageID 774).  The government previously provided on September 23, 2020, a .pdf document titled "Durachinsky -location of child pornography files" which details the files and filenames of the child pornography saved on the defendant's personal laptop.  The defendant has offered no explanation or basis as to why the government is obligated to provide the specific computer/files data for any count, and there is none.

In Part 2, the defendant seeks the specific computer files reviewed by each expert for each opinion.  Both Corrigan and Varani reviewed numerous files or batches of files located on the computers used by the defendant.  The government will continue to comply with Rule 16, but there is no basis to detail the hundreds or thousands of files that Corrigan and Varani reviewed in analyzing the computers controlled by the defendant.  By making these requests, the defendant appears to be seeking a bill of particulars as to how the government will present its case through specific files, something that the government continues to oppose.  *See United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (bill of particulars will not lie with respect to information which is already available through other sources such as the indictment or discovery and inspection).

For the foregoing reasons, the Court should deny the defendant's Motion.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Daniel J. Riedl
Daniel J. Riedl (OH: 0076798)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3669
(216) 685-2378 (facsimile)
Daniel.Riedl@usdoj.gov