**RECEIVED**
11:09 am, Dec 31 2020
Clerk U.S. District Court
Northern District of Ohio
Cleveland

Phillip R. Durachinsky / 0065917
Mahoning County Justice Center
110 Fifth Avenue
Youngstown, OH 44503

Honorable Judge Solomon Oliver, Jr.
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, OH 44113

December 27, 2020
Case No.: 1:18-CR-00022

Honorable Judge Solomon Oliver, Jr.:

I am asking the Court to allow me to temporarily proceed pro se in this case, prior to the deadline for pretrial motions, for the limited purpose of filing pretrial motions and directly communicating with Government counsel. There are many issues in this case I do not want to waive by failing to raise them pretrial. There have also been issues with obstructed discovery and trial preparation throughout this case which have prevented me from assisting in my defense and from investigating violations of my rights.

## Motions

The motions I intend to make include:

1) **Motions to Dismiss** — for various counts, mostly challenging sufficiency of the indictment.
2) **Motion to Sever Count Three** — Count 3 is of a different character which may cause prejudice for the other counts. Meanwhile, evidence presented for the other counts may violate for Count 3 the Sixth Circuit's limited context test established in *United States v. Brown*, 579 F.3d 672 (6th Cir. 2009).

1

3) Motion to Reopen and Reconsider Suppression Hearing — based on newly discovered evidence, false statements by Government attorneys and witnesses accepted by the Court in its ruling, and arguments and challenges not previously made out of judicial economy or ineffective counsel.

4) Motions to Compel Discovery — as needed based on communication with Government counsel. For instance, over two years ago a second discovery request for specific items (ECF No. 59) was filed asking for, among other things, "applications for PRTT". The Government has not turned over any PR/TT applications despite referring to multiple PR/TT uses in this case, including an active PR/TT for Internet activity during the warrantless search covered at the suppression hearing, potentially negating the claim of exigency and probable cause.

5) Motion to Enforce Protective Order — for ECF No. 40 which distinguished the phrase "Defendant" from "Defense Team" and stated that the order "puts the government and the Defendant in equal positions, both having full and open access to the same information." The Defendant has instead been given no access to most discoverable material. I first raised issues about this in a July 9, 2018 letter to you, but the problems have persisted.

6) Motion to Modify Protective Order — to authorize limited disclosure in separate legal proceedings related to violations of my civil and statutory rights.

7) Motion to Modify Protective Order — to authorize in the interest of justice public release of an unlawful mass surveillance warrant for which there was no service of the warrant and receipt to the multitudes of targets whose rights were violated without notice.

Purpose

There are serious issues which necessitate this. I have been

2

continuously detained for the past four years for this case. And yet, after all this time and with an impending deadline for pretrial motions, starting with Count 1, I still have no idea what offense is alleged and will be pursued at trial. I understand the statute, 18 U.S.C. § 1030(a)(5)(A), for intentionally causing damage to a computer. However, with trial preparation in mind, given the indictment and discovery, I still do not know for this count what computers were damaged or their locations or owners. I do not know what "program, information, code, and command" is alleged to have been transmitted to cause damage, or what impairment constitutes the damage. I do not know what year or even decade the transmission is alleged to have occurred in. The indictment does not narrow this down and the Government has obstructed the discovery process throughout while not clarifying what particular violation of the statute they intend to prove at trial. Because of this, I have been prevented from assisting in my defense and unable to ask for followup discovery to investigate possible defenses. Every count in the indictment has issues like this to varying degrees.

  Despite seizing numerous devices, the Government has given me mere hours on two occasions to inspect the contents of just one device, and this was over two years ago in preparation for suppression with the FBI monitoring access. This is nowhere near adequate access to effectively prepare for trial. I wrote to you on July 9, 2018 concerning issues with access to discovery, and I have repeatedly complained to my attorney about access to discovery throughout this case.

  This is after four years of pretrial detention in conditions worse than prison, being moved between jails without legitimate reason. "Inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Taylor*, 487 U.S. 326, 340 (1988). I was arrested

a week after an unlawful search on a criminal complaint which lacked any charges carrying a presumption for detention. I have never had a detention hearing despite specifically instructing my attorney in writing to request one in February, 2019 (he refused), writing you a letter on March 4, 2019 about pretrial release so I could prepare for the suppression hearing (unacknowledged), and then finally submitting a motion on April 10, 2019 to the Clerk of Court for pretrial release with instructions that it should be docketed and not interpretted as attorney-client communication (never docketed or even acknowledged).

## Speedy Trial

I have repeatedly argued with my attorney about speedy trial issues with this case. I have nothing to go back to in life and just want to be done with this case. I don't want to be released if it hurts my ability to research and defend this case, but I shouldn't even be detained right now without conditions of bond.

The Speedy Trial Act, in 18 U.S.C. § 3164(b), requires the trial of "a detained person who is being held in detention solely because he is awaiting trial" to "commence not later than ninety days following the beginning of such continuous detention", excluding periods of delay enumerated in § 3161(h). "Failure to commence trial of a detainee as specified in subsection (b) ... shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c).

The Act makes no mention of a motion being required on expiration of the 90-day clock, instead mandating an "automatic review by the court" to occur. In my case, the 90-day period expired long ago without an "automatic review" and I am still "held in custody". For demonstration, I will only focus on three particular periods of delay not excludable for the 90-day clock.

4

1. Pre-indictment (at least 26 days, Feb. 25 through Mar. 22, 2017)

 Prior to indictment, I was detained on a criminal complaint for nearly a year while the Government filed a sequence of six Motions for Extension of Time to Indict with attached defendant waivers of the Speedy Trial Act's 30-day indictment clock in 18 U.S.C. § 3161(b) though not the 90-day release clock in § 3164. The Government indicted on the final day of the deadline in the final extension and waiver. However, the Supreme Court held in Zedner v. United States, 547 U.S. 489 (2006), that "a defendant may not prospectively waive the application of the Act" and such a waiver is therefore "ineffective". Id. at 503. Further, with such a waiver, the defendant "is not estopped from challenging the excludability under the Act". Id. at 506.

 18 U.S.C. § 3161(h)(7) allows exclusion of time for continuances granted with "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial", but forbids granting when there is "lack of diligent preparation" by the Government attorney. However, e.g. the first "Motion to Extend Time for Returning Indictment" (ECF No. 6) and order granting it (ECF No. 8) make no reference or findings related to the 90-day clock for keeping a defendant detained prior to trial. It simply requests the deadline to indict be extended to March 26, 2017 and the order explicitly grants only that, a Rule 45(b) extension but not an ends-of-justice continuance for a specific period of time.

 However, if the first extension acted as a continuance for a period tolling the 30-day indictment clock so that, without another motion, the 30th nonexcludable day would occur on March 26, 2017, then at least 26 nonexcludable days passed in the 56-day period from January 26 through March 22, 2017; the final 4 days of the 30-day period would then be March 23 to 26, but on March 23, 2017 another motion for extension was submitted, tolling the clocks.

 As such, at least 26 nonexcludable days passed early on between

5

my initial appearance and indictment.

**2. Pre-arraignment (at least 8 days, Jan. 11 through Jan. 18, 2018)**

I was indicted on January 10, 2018 and arraigned on January 19, 2018. Between these events, no motion was pending or filed. So, the 8-day period from January 11 through January 18, 2018 was nonexcludable.

**3. Post-suppression (at least 73 days, Jan. 10 through Mar. 22, 2020)**

18 U.S.C. § 3161(h)(1)(H) excludes a maximum of thirty days for a period of time when a motion is under advisement by the court. Unless the court requests additional filings, the "under advisement" period "will normally began on the day following the conclusion of the hearing on the motion." *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988).

On April 28, 2019 a Motion to Suppress (ECF No. 63) was filed. On December 10, 2019 the hearing for the motion was concluded and the Court explicitly took the motion under advisement. The only other motion pending at this time was a Motion for Bill of Particulars (ECF No. 54) for which oral arguments were held at a July 18, 2018 status hearing. The Motion to Suppress was denied after 143 days on May 1, 2020, during which only the 30-day period from December 11, 2019 through January 9, 2020 can be excludable for advisement.

On March 16, 2020, General Order No. 2020-05 was issued for this district, the first in connection with the COVID-19 pandemic. It was cautionary and did not explicitly postpone criminal cases or make ends-of-justice findings for the Speedy Trial Act. However, on March 23, 2020, the order was amended as General Order No. 2020-05-1 making an explicit ends-of-justice finding for continuances in several situations including vacating trial dates scheduled for before May 1, 2020, postponing certain hearings, and suspending grand jury proceedings. While that did not apply to this case as no trial date or hearings were scheduled, regardless, there were no filings or tolling events between the 30-day suppression advisement

6

period and the amended General Order, so the 73-day period from January 10 through March 22, 2020 is nonexcludable.

Those three periods account for at least 107 nonexcludable days, more than the 90 days required to trigger § 3164's automatic review.

Please consider my request to temporarily proceed pro se as I believe all the irregularities in this case have unfortunately made it the best option for addressing various issues. Thank you.

Sincerely,
Phillip R. Durachinsky
Phillip R. Durachinsky

Phillip R. Durachinsky 70065117
Mahoning County Justice Center
110 Fifth Avenue
Youngstown, OH 44503

INMATE CORRESPONDENCE

CLEVELAND OH 440
29 DEC 2020 PM 8


Barn Swallow

Honorable Judge Solomon Oliver, Jr.
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, OH 44113

44113-189871