IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-22 |
| | ) | |
| Plaintiff | ) | JUDGE: SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT PHILLIP DURACHINSKY'S** |
| PHILLIP DURACHINSKY, | ) | **MOTION FOR DETENTION HEARING** |
| | ) | |
| Defendant | ) | **ORAL HEARING REQUESTED** |

Defendant Phillip Durachinsky, by and through counsel, respectfully requests that This Honorable Court conduct a review of his pretrial detention, grant him a detention hearing, and then release him from detention prior to trial. Defendant further requests that any condition applied to his pretrial release <u>not</u> include any restriction on his use of a computer and/or the internet for legal research and/or trial preparation, in that Defendant does not want to be released if he is barred from the ability to research and assist in preparing his case. Defendant has been detained since his initial arrest on January 25, 2017. Although he initially waived his Detention Hearing and agreed to detention pending trial, pursuant to 18 U.S.C. 3164, Defendant is now entitled to an automatic review of his detention.

### This Court Must Review Defendant's Detention Pursuant To 18 U.S.C. 3164

The Speedy Trial Act, pursuant to 18 U.S.C. 3164(b), require the trial of a detained person, who is not being held in detention solely because he is awaiting trial, to commence not later than ninety days following the beginning of such continuous detention, excluding periods of delay enumerated in 18 U.S.C.3161(h). Failure to

1

commence trial of a detainee as specified in subsection (b)……..shall result in the automatic review by the Court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of trial. 18 U.S.C. 3164(c).

    The Act makes no mention of a motion being required on expiration of the ninety-day clock, instead mandating an "automatic review" by the Court to occur. Defendant asserts that since he is still being held in custody, and the ninety-day clock has run, This Court must automatically review Defendant's detention situation.

### Calculation of Time Showing Expiration of Ninety Day Statutory Period

    The following calculations focus on three particular time periods of delay which are not excludable under 18 U.S.C. 3164(h), and are relevant to the ninety-day clock.

I.   **Pre-indictment** (**at least 26 days – February 25, 2017 through March 22, 2017**). Prior to indictment, Defendant was detained on a criminal complaint for nearly a year, while Defendant, represented by prior retained counsel, and the Government attempted to work out a plea agreement. The Government filed a sequence of six Motions for Extension of Time to Indict with attached Defendant waivers of Speedy Trial Act's thirty-day indictment clock in 18 U.S.C. 3161(b), though not the ninety-day release clock in 18 U.S.C. 3164. The Government indicted Defendant on the final day of the deadline set forth in the final extension and waiver. However, in Zedner v. United States, 547 U.S. 489 (2006), the Supreme Court held that a defendant may not prospectively waive the application of the Act, and therefore such a waiver is therefore "ineffective". Id. at 503. Further, with such a waiver, the defendant is not estopped from challenging the excludability under the Act. Id. at 506.

18 U.S.C 3161(h)(7) allows exclusion of time for continuances granted with "findings that the ends of justice served by taking such actions outweigh the best interest of the public and defendant in a speedy trial", but forbids granting them when there is "lack of diligent preparation" by the Government attorney.  However , the first Motion to Extend Time for Returning Indictment (ECF #6), and the order granting it (ECF #8) make no reference or findings related to the ninety-day clock for keeping the Defendant detained prior to trial.  It simply requests that the deadline to indict be extended to March 26, 2017, and the order explicitly grants only that – a Rule 45(b) extension, but not an "ends of justice" continuance for a specific period of time.

However, if the first extension acted as a continuance for a period tolling the thirty-day indictment clock so that, without another motion, the thirtieth nonexcludable day would occur on March 26, 2017; the final four days of the 30-day period would then be March 23 to March 26; but on March 23, 2017 another motion for extension was submitted tolling the statute.  Therefore, at least  26 non excludable days occurred between Defendant's initial appearance on the complaint, and his indictment.

II. **Pre-Arraignment (at least 8 days – January 11, 2018 through January 18, 2018**)

Defendant was indicted on January 10, 2018, and arraigned on January 19, 2018. Between those events, no motion was pending or filed.  Therefore, that 8-day period was nonexcludable.

III. **Post-Suppression Hearing (at least 73 days – January 10, 2020 through March 22, 2020)**

3

18 U.S.C. 3161(h)(1)(H) excludes a maximum of thirty days for a period of time when a motion is under advisement by the court. Unless the court requests additional filings, the "under advisement " period will normally begin on the day following the conclusion of the hearing on the motion. United States v. Mentz, 840 F.2d 315,327 (6th Cir. 1988)

On April 28, 2019 a Motion to Suppress was filed by Defendant (ECF #63). On December 10, 2019 a two-day suppression hearing was concluded, and the Court explicitly took the motion under advisement. The only other motion pending at that time was a Motion for Bill of Particulars (ECF #54) for which oral arguments were held at a July 18, 2018 status hearing. The Motion to Suppress was denied after 143 days had elapsed – on May 1, 2020: during which only the 30-day period from December 11, 2019 through January 9, 2020 can be excludable for "advisement". On March 16, 2020, General Order No. 2020-05 was issued for this District Court in connection with the COVID-19 pandemic. It was cautionary and did not explicitly make "ends of justice" findings for the Speedy Trial Act. However, on March 23, 2020, the order was amended as General Order No. 2020-05-1 making an explicit "ends of justice" finding for continuances in several situations, including vacating trial dates for before May 1, 2020, postponing certain hearings, and suspending grand jury proceedings. While that did not apply to the case at bar, as no trial date or hearings were scheduled, regardless, there were no filings or tolling events between the 30-day suppression motion advisement period and the amended General Order issued on March 22, 2020. Therefore the 73 days from January 10, 2020 and March 22, 2020 are nonexcludable.

The above three time periods account for at least 107 nonexcludable days, which are in excess of the 90 days required to trigger This Court's automatic review of Defendant's detention pursuant to 18 U.S.C.3164.

**<u>Circumstances Have Changed Since Defendant Waived His Detention Hearing</u>**

As part of the Court's review of Defendant's detention, Defendant requests that a Detention Hearing be held. Circumstances have changed drastically since Defendant originally made his decision to waive his Detention Hearing on January 25, 2017, while being represented by previous retained counsel. At that time, Defendant reasonably believed that his case would be resolved in a relatively expeditious manner. However, it took approximately one full year for the Government to indict him. Subsequent to indictment and arraignment in January 2018, and as pretrial discovery has proceeded, it became apparent that there was a significant suppression issue, that had to be addressed. In point of fact, an extensive suppression motion was filed, and a two-day suppression hearing held, with Defendant's motion subsequently being denied. Due to the various types of offenses charged in the indictment, and the volume of computer data evidence involved, this case has turned out to be much more complex than Defendant or his initial attorney believed possible when Defendant first waived a detention hearing. Additionally, current undersigned counsel, who was appointed at the time of Defendant's indictment in January 2018, quickly determined the need for a computer expert to assist in the defense of the case, and obtained appropriation of funds to retain a very experienced computer expert witness. Finally, during this entire period Defendant has been continuously incarcerated – at CCA in Youngstown, Cuyahoga County Jail in Cleveland, Euclid City Jail in Euclid, and

Mahoning County Jail in Youngstown pending trial. The locations of Defendant's pretrial incarceration have been a logistical burden with respect to attorney-client meetings.

Under Federal law, "a detention hearing *may* be reopened" if certain conditions are met. 18 U.S.C. § 3142(f). Concededly, courts have held that the "use of the word 'may' as opposed to 'will,' implies that the district court has discretion in determining whether to grant the motion." Carver v. Bunch, 946 F.2d 451, 453 (6th Cir. 1991). A detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(B). In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community. In the case at bar the second prong of the aforementioned test is inapplicable, since an original Detention Hearing was never held, and thus, there has never been a factual finding that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required, and assure the safety of any other person and the community.

In the case at bar, two circumstances have arisen which justify the granting of bond. First, this case has become very complicated, due to the nature of the charges and the volume of evidence. As the complexity of this case has become apparent, Defendant has desired to become very active in the legal and factual preparation of his defense. He is severely handicapped by the communication logistics with his attorney. Additionally, the vast majority of time, Defendant was incarcerated in Youngstown, Ohio – a location

6

that involves a three-hour travel time for his attorney. Although counsel has had 23 "jail visits" with Defendant over three-year period, in addition to conferences with him prior and subsequent to in-court hearings, it is not an ideal situation considering the amount of collaboration necessary for an attorney and client involved in this type of case.

The second change in circumstance is the COVID–19 Pandemic. As this Court is aware, due to the pandemic, in-court activities, including and especially jury trials have been postponed and delayed. In the case at bar, this case was set for trial on February 1, 2021. As a result of the Pandemic, The Chief District Judge was forced to initially issue an order postponing any jury trial though February 19, 2021. Subsequently, the Court just issued an order postponing any jury trials until April 5, 2021. (See Amended General Order 2020-08-5). As a result, Defendant, through not fault of his own, is being forced to remain jailed in what are basically maximum-security prison conditions for at least an additional two months.

Had Defendant known that both of the aforementioned circumstances would have occurred, he most certainly would not have waived his Detention Hearing back in January 2017.

### **Conclusion**

For all of the aforementioned reasons, Defendant respectfully requests that this Honorable Court conduct the automatic review of Defendant's detention by ordering a Detention Hearing. If the Court determines that Defendant should be released pending trial, Defendant further requests that no restrictions be placed on his ability to use a computer or internet for the purpose of doing legal research or preparing for trial.

Respectfully submitted,

/s/ Thomas E. Conway
Thomas E. Conway (Reg. 0021183)
Attorney for Defendant
55 Public Square  Suite 2100
Cleveland, Ohio  44113
(216) 210-0470 - Phone

teconway@sbcglobal.net - Email

**CERTIFICATE OF SERVICE**

I certify that the forgoing was filed electronically on January 18, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and can be accessed through said system.

/s/ Thomas E. Conway
Thomas E. Conway
Attorney for Defendant