IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR022 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP DURACHINSKY, | ) | <u>GOVERNMENT'S RESPONSE IN</u> |
| | ) | <u>OPPOSITION TO DEFENDANT'S</u> |
| Defendant. | ) | <u>MOTION TO DISMISS COUNT THREE</u> |
| | ) | <u>OF THE INDICTMENT</u> |

Defendant Phillip Durachinsky ("Durachinsky") is charged in a 16-count Indictment with cyber-crime, fraud, and child pornography offenses. (R. 38: Indictment, PageID 105-15). Durachinsky now contends that Count 3 of the Indictment, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), is defective and should be dismissed because it "fails to state an offense" – in particular, the photograph(s) which are the subject of Count 3 do not depict "sexually explicit conduct." (R. 91: Motion, PageID 795). Because this determination is one properly reserved for the jury at trial, Durachinsky's Motion should be denied.

## BACKGROUND

Defendant is charged with Damaging Protected Computer(s), 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B) (Count 1); Accessing Protected Computer(s), 18 U.S.C. § 1030(a)(2) and (c)(2)(A) (Count 2); Production of Child Pornography, 18 U.S.C. § 2251(a) (Count 3); Wire Fraud, 18 U.S.C. §§ 1343 and 2 (Counts 4-6); Aggravated Identify Theft, 18 U.S.C. § 1028A(a)(1) (Counts 7-10); Accessing Government Computer Without Authorization, 18 U.S.C. § 1030(a)(3) and (c)(2)(A) (Count 11); and Illegal Wiretap, 18 U.S.C. § 2511(1)(b) and (4)(a) (Counts 12-16). (R.

38: Indictment, PageID 105-15). Durachinsky created and propagated his own malware, which was later named "Fruitfly" by security researchers. "Fruitfly" malware was unusual because it was primarily used to infect computers running Apple's macOS X operating systems in addition to Microsoft Windows computers. Once a computer was infected, the operator of the malware could gain unauthorized access to documents, photos, videos, and other files on the infected computer. Further, the Fruitfly malware could be used (and was frequently used) to covertly turn on the camera and microphone on an infected computer to record and transmit photographs and videos of innocent victims (including children) during their most private moments. Thousands of computers were infected with the Fruitfly malware, resulting in the illicit and invasive recording and transmission of millions of photographs and videos of victims. Durachinsky has confessed to the ultimate violation of privacy—infecting thousands of computers with a virus in order to secretly turn on the cameras and microphones on those computers so that he could watch, record, and archive unwitting adults and children in a state of undress and/or engaged in sex acts.

## MEMORANDUM OF LAW

Durachinsky seeks to dismiss Count 3 of the Indictment, arguing that the images in this case do not constitute child pornography. Relying on the test articulated in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), his Motion rests on the ground that the images do not constitute a "lascivious exhibition of the genital or pubic area," and therefore, they do not depict "sexually explicit conduct" pursuant to 18 U.S.C. §§ 2251(a) and 2256(2), as a matter of law. Durachinsky requests an evidentiary hearing, presumably so the Court can conduct a pre-trial review and analysis of the images to determine whether they constitute a "lascivious exhibition of the genitals or pubic region." His Motion should be denied.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Moreover, the Court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion *do not invade the province of the ultimate finder of fact*." United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976) (emphasis added). Resolution of a pretrial motion to dismiss the indictment, or counts therein, for "failure to state an offense" is only appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue" raised by the motion. Id. at 665.

The issue of whether the images constitute a "lascivious exhibition of the genitals," and are thus "sexually explicit" within the meaning of 18 U.S.C. § 2256, is not a matter to be decided on a pre-trial motion to dismiss, but rather, is a question of fact for the jury to decide. In criminal cases, there are neither summary judgment procedures nor pretrial determinations concerning the sufficiency of the government's evidence. See Fed. R. Crim. P. 12(b)(2); United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir. 1973); United States v. Thomas, 150 F.3d 743, 747 (7th Cir. 1998) ("Summary judgment does not exist in criminal cases."); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence."). Indeed, Rule 12(b)(2) prohibits a district court from considering a pretrial motion that requires a trial of the general issues raised in the indictment. See Fed. R. Crim. P. 12(b)(2). Therefore, a pretrial motion that asks the Court to look behind the indictment and consider the factual sufficiency of the government's case is improper. See Marra, 481 F.2d at 1199-1200;

United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000) ("Federal Rule of Criminal Procedure 12(b)(2) . . . dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges.").

The question of whether the images produced and saved by Durachinsky meet the statutory definition of child pornography is a question to be decided by the jury. It is well settled that the inquiry into what constitutes a "lascivious exhibition of the genitals" is a question for the jury. United States v. Rayl, 270 F.3d 709, 714 (8th Cir. 2001); United States v. Knox, 32 F.3d 733, 747 (3rd Cir. 1994) ("we adhere to the view that 'lasciviousness' is an inquiry that the finder of fact must make"); United States v. Arvin, 900 F.2d 1385, 1390 (9th Cir. 1990) ("While it is arguable that the pictures are not, in fact, lascivious, the district court did not err in refusing to dismiss the indictment on this basis. The issue of lasciviousness was properly allowed to go to the jury.").

Lasciviousness is a commonsensical standard, and not only is the jury as the lay factfinder capable of determining whether a given exhibition is lascivious, the jury is supposed to interpret and apply the standard based on common understandings and practices. United States v. Frabizio, 459 F.3d 80, 85 (1st Cir. 2006) (citing United States v. X-Citement Video, Inc., 513 U.S. 64, 78-79 (1994); United States v. Adams, 343 F.3d 1024, 1035-36 (9th Cir. 2003); Rayl, 270 F.3d at 714; Arvin, 900 F.2d at 1390; United States v. Reedy, 845 F.2d 239, 241 (10th Cir. 1988); United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir.1987); United States v. Wiegand, 812 F.2d 1239, 1243 (9th Cir. 1987).

The Sixth Circuit Pattern Jury Instructions direct that

[i]n deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3)

4

> whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.]

Sixth Cir. Pattern Jury Instruction, 16.02(2)(B)(v).

Indeed, district courts must be especially careful in using the Dost test to dismiss charges involving child pornography and preclude the ultimate fact-finding by the jury. See Frabizio, 459 F.3d at 87 ("The consequence of the district court's unqualified application of the Dost factors was to take the issue of the lasciviousness of the three images away from a jury."); id. at 88 ("No other circuit court, as best we can tell, has ever approved the use of the Dost factors in a pretrial proceeding to remove the consideration of the lasciviousness of an image from a jury.").

Furthermore, Durachinsky's reliance on Rayl is misplaced. The Rayl court merely suggested—in dicta—that a preliminary review of images is appropriate only where there was "potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography." Rayl, 270 F.3d at 714. See also Frabizio, 459 F.3d at 88, n.11. That is simply not the case here.

Durachinsky is essentially making a pretrial motion for acquittal, something not authorized by Rule 29 of the Federal Rules of Criminal Procedure. He is asking the Court to make specific pretrial findings of fact and conclude that the evidence does not support the charges. Because this determination is properly one reserved for the jury at trial, this Court should deny Durachinsky's Motion. To the extent that Durachinsky contends that the evidence

5

submitted in support of Count 3 does not depict "sexually explicit conduct," he is, of course, free to make that argument to the jury.

Further, although the government submits that the question of whether the evidence in this case meets the statutory definition of sexually explicit conduct as defined in 18 U.S.C. §2256(2) is one to be decided by the trier of fact, it is important to note that the Dost factors cited by Durachinsky have been found to be neither comprehensive nor necessarily applicable in every situation. See United States v. Brown, 579 F.3d 672, 680 (6th Cir. 2009) (noting that the list is not exhaustive, and "an image need not satisfy every factor to be deemed lascivious."); Dost, 636 F. Supp. at 832 ("a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.'"). Moreover, the Dost factors "are not definitional - nor do they purport to be. Dost recommends that '*the trier of fact* should look to' the six enumerated factors, but noted that 'others . . . may be relevant in a particular case.'" United States v. Rivera, 546 F.3d 245, 252-53 (2d Cir. 2008) (quoting Dost, 636 F. Supp. at 832) (emphasis added). Further, the Sixth Circuit in Brown discussed the limited contextual analysis appropriate for a jury to determine lasciviousness:

> [W]hile the context in which an image was taken likely helps a factfinder understand whether an image was intended to elicit a sexual response in the viewer, there is a countervailing and significant risk that a context-specific test could reach too broadly and "over-criminalize" behavior. In light of these competing concerns, we find that it is appropriate to apply a "limited context" test that permits consideration of the context in which the images were taken, but limits the consideration of contextual evidence to the circumstances directly related to the taking of the images. A number of factors can illuminate the context in which photographs were taken. These include, inter alia, evidence about (1) where, when, and under what circumstances the photographs were taken, (2) the presence of other images of the same victim(s) taken at or around the same time, and (3) any statements a defendant made about the images.

Brown, 579 F.3d at 683–84.

As the 11th Circuit held,

> a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently.

United States v. Holmes, 814 F. 3d 1246, 1252 (11th Cir. 2016).

Indeed, the jury may look at the circumstances surrounding the images and may consider the collection of images as a whole to determine Durachinsky's intent. The government intends to introduce evidence at trial that Durachinskys' malware allowed him to capture and keep images of children who used the family computer in the bathroom, unsuspecting that the Durachinsky would capture their private bathroom moments. Indeed, the evidence shows that Durachinshky knew that the computers could provide access and photographs inside bathrooms yet continued to allow the malware to infect those computers, and that he discarded non nude photographs of children. Durachinsky curated the images collected by his malware, and selected images to save. He developed and used the "camrecorganizer" program, which enabled him to efficiently choose to save some files and delete others. Both the images and Durachinsky's meticulous notes demonstrate his focus on private affairs—especially sex and nudity. Taken in its entirety, the evidence demonstrates that Durachinsky intentionally produced child pornography. As such, using the limited contextual analysis discussed in Brown, and applying the commonsensical standard of lasciviousness (see Frabizio, 459 F.3d at 85), the jury is fully capable of deciding whether the depictions curated and saved by Durachinsky constitute a "lascivious exhibition."

Finally, even if the jury does not conclude Durachinsky committed the offense of production of child pornography, they could still find him guilty of attempting to commit that offense. That is a factual determination that requires the factfinder determine Durachinsky's intent. See United States v. Sims, 708 F.3d 832, 835 (6th Cir. 2013); United States v. Guy, 708

F. App'x 249, 262 (6th Cir. 2017). To that end, it is not necessary for the government to prove that the photographs Durachinsky created were lascivious, "only that he had the specific intent to create a lascivious video." United States v. Vanderwal, 533 F. App'x 498, 501 (6th Cir. 2013) (citing Sims, 708 F.3d at 835). See also Guy, 708 F. App'x at 262 ("As we have already explained, the fact that the image underlying the attempted-production-of-child-pornography count did not depict Minor 1's genitals or pubic area is not dispositive of the question of whether [defendant] attempted to produce a visual depiction of sexually explicit conduct."). A jury could reasonably conclude that Durachinsky's efforts to capture and save images of nude children demonstrates his intent to produce child pornography.

## **CONCLUSION**

Durachinsky improperly moves this Court to make specific pretrial findings of fact and

conclude that the evidence does not support the charges. Because this determination is properly one reserved for the jury, this Court should deny Durachinsky's Motion.

        Respectfully submitted,

        BRIDGET M. BRENNAN
        Acting United States Attorney

By:   /s/ Daniel J. Riedl
        Daniel J. Riedl (OH: 0076798)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3669
        (216) 685-2378 (facsimile)
        Daniel.Riedl@usdoj.gov

By:   /s/ Michael A. Sullivan
        Michael A. Sullivan (NY: 2249993)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3977
        (216) 522-8355 (facsimile)
        Michael.A.Sullivan@usdoj.gov

        /s/ Jeff Pearlman
        Jeff Pearlman (DC: 466-901)
        Senior Counsel
        Computer Crime and Intellectual Property
          Section
        Criminal Division
        United States Department of Justice
        1301 New York Avenue, Suite 600
        Washington, DC 20005
        (202) 579-6543
        (202) 514-6113 (facsimile)
        Jeffrey.pearlman2@usdoj.gov