IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR22 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP R. DURACHINSKY, | ) | GOVERNMENT'S MOTION TO |
| | ) | RECONSIDER ORDER DENYING |
| Defendant. | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | BASED ON RIGHT TO SPEEDY TRIAL |

On May 10, 2022, Defendant Phillip Durachinsky filed a motion to dismiss the Indictment against him based on Speedy Trial grounds (R. 122: Motion, PageID 968-72) ("Motion"), to which the government responded on May 20, 2022. (R. 124: Response, PageID 975-80). This Court denied the Motion on June 30, 2022. (R. 127: Order, PageID 989-95). The government now seeks to supplement its response with an alternative basis to deny the Motion, and respectfully asks the Court to reconsider its reasoning for denying the Motion.

**I.     NO SPEEDY TRIAL VIOLATION OCCURRED**

   **A.     EIGHT NON-EXCLUDABLE DAYS PASSED BETWEEN DURACHINSKY'S INDICTMENT AND ARRAIGNMENT**

The government agrees with the Court's original calculation that eight non-excludable days passed between Durachinsky's indictment and arraignment. (R. 99: Order, PageID 860; R. 124: Response, PageID 975-80). Per 18 U.S.C. § 3161(c)(1):

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, **whichever date last occurs.**"

(emphasis added). Durachinsky was arrested on a criminal complaint and made an initial appearance "before a judicial officer" on January 25, 2017. He was indicted on January 10, 2018. As such, his indictment was the "later date" per 18 U.S.C. § 3161(c)(1).

Indeed, if a complaint on which the defendant has made an appearance in the district of prosecution is pending when the indictment is returned, the seventy-day pretrial period begins with "the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1); see United States v. Lopez-Valenzuela, 511 F.3d 487, 489 (5th Cir. 2007); United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007); United States v. Moran, 998 F.2d 1368, 1370 (6th Cir. 1993); United States v. Mentz, 840 F.2d 315, 325 (6th Cir. 1988). The Court in Mentz stated:

> When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer to the charges in district court, the seventy-day pretrial period runs from the date of his indictment.

Mentz, 840 F.2d at 325 (internal quotation and citations omitted).

Durachinsky's appearance before Magistrate Judge William H. Baughman, Jr. on January 25, 2017, constituted the date he "appeared before a judicial officer of the court in which [the] charge is pending." 18 U.S.C. § 3161(c)(1). Since Durachinsky's indictment on January 10, 2018, occurred later, this subsequent date triggered the speedy trial clock for purposes of § 3161(c)(1), and eight non-excludable days passed between his indictment and arraignment (January 11, 2018, to January 18, 2018[1]).

---

[1] The day of the event that triggers the Speedy Trial Act clock (the January 10, 2018, filing of the indictment) and the day of arraignment (the January 19, 2018, arraignment) are themselves excludable pursuant to 18 U.S.C. § 3161(h)(1) as "other proceedings concerning the defendant." See United States v. Crawford, 982 F.2d 199, 203 (6th Cir. 1993); Mentz, 840 F.2d at 325-26; United States v. Brown, 819 F.3d 800 (6th Cir. 2016).

> B. THE TIME BETWEEN DURACHINSKY'S FILING OF THE MOTION FOR A BILL OF PARTICULARS AND THE COURT'S RULING ON THAT MOTION IS EXCLUDABLE, AND ENCOMPASSES THE PREVIOUSLY CALCULATED 66 NON-EXCLUDABLE DAYS

In its initial response to the Motion, the government agreed with the Court that 66 non-excludable days passed between when the 30-day "under advisement" period ended following the suppression hearing and the issuance of General Order No. 2020-05. (See R. 99: Order, PageID 860; R. 124: Response, PageID 975-80). But a more thorough review of the record shows that those 66 days (January 10, 2020, until March 16, 2020) fall within another excludable period; the time between the filing of Durachinsky's Motion for a Bill of Particulars and this Court's ruling on that Motion.

The time between Durachinsky's filing of his Motion for a Bill of Particulars on July 4, 2018, and this Court's ruling on that Motion for a Bill of Particulars on February 4, 2021, is excludable time. Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

"A court should exclude all the days during which it is waiting to receive information necessary to decide a pending pre-trial motion." United States v. Robertson, 260 F.3d 500, 503–04 (6th Cir. 2001). The Sixth Circuit in Mentz explained:

> For motions that do not require a hearing . . . **the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded.** If no additional submissions are required, or they have been furnished to the court, section 3161(h)(1)(D) requires "prompt disposition."

840 F.2d at 327 (emphasis added).

Section 3161(h)(1)(H) then becomes applicable and excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the

3

defendant is actually under advisement by the court." "A motion is 'actually under advisement' when the court receives all the papers it reasonably expects . . . . Thus, the 'under advisement' period will normally begin to run the day after the court has received additional submissions from the parties." Mentz, 840 F.2d at 326-27 (citations and footnotes omitted); see also, e.g., Robertson, 260 F.3d at 504-05 & n.1 (6th Cir. 2001) ("once the district court has in its possession all the information needed to decide a motion (including information and arguments heard at the hearing, if there is one), a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.'"); United States v. Jenkins, 92 F.3d 430, 438-39 (6th Cir. 1996); United States v. Crawford, 982 F.2d 199, 202-04 (6th Cir. 1993).

Durachinsky filed the Motion for a Bill of Particulars on July 4, 2018. The Motion for a Bill of Particulars tolled the speedy-trial clock, like all pretrial motions. *See* 18 U.S.C. § 3161(h)(1)(D). On July 18, 2018, the government explained that the Motion for a Bill of Particulars was premature as defense counsel hadn't yet reviewed additional discovery materials:

> MR. RIEDL: The second motion then pending from the defense is a motion for a Bill of Particulars, and specifically that motion asks for specific individuals that the Government intends to introduce evidence against—regarding at trial, specific dates involved. So the Government would respond in three different parts to that motion briefly now, and obviously if you feel the need for us to respond in writing now I'm willing, but my larger point is that that motion is premature at this point.
>
> (R. 140: 07/18/2018 Pretrial Tr., PageID 1066-67).

The Court agreed, ultimately postponing the government's written response, and holding the Motion in abeyance pending the outcome of pretrial discussions:

> THE COURT: Also, we could postpone Mr. Riedl's written response if he wants because we've had a discussion here, and I'm—I'd rather not rule on a motion. Hold the motion for Bill of Particulars in abeyance, and we can discuss whether the issues have narrowed or can be narrowed, you know, at that pretrial before we get to a final resolution. . . . So rather than rule on that one, I guess I would hold that one in abeyance pending further discussion at a subsequent pretrial. . . . I'm deferring ruling on the motion for Bill of Particulars which is document number 54 pending

further discussion at the next pretrial, and that the Court will set another pretrial conference for about 60 days out.

(Id., PageID 1066-67, 1093, 1095).

On November 1, 2018, Durachinsky's counsel reiterated the fact that the Motion for a Bill of Particulars was being held in abeyance::

> MR. CONWAY: With regard to the—there is a Bill of Particulars that I did earlier file, that is being held in abeyance to see if we can resolve some of these discovery issues I believe exist.

(R. 139: 11/01/2018 Pretrial Tr., PageID 1051).

The parties again discussed the pending Motion for a Bill of Particulars during the January 2019 status conference:

> MR. CONWAY: Your Honor, I also believe that although I did withdraw one of my motions earlier, there still is a pending motion for the government to answer and provide a meaningful bill of particulars.

(R. 138: 01/07/2019 Pretrial Tr., PageID 1025-31).

The Court noted its prior decision to hold the Motion for a Bill of Particulars in abeyance pending resolution of discovery issues. (Id.). The Court further advised Durachinsky to indicate whether he wished to proceed with the Motion for a Bill of Particulars as previously filed, or with "modification," so that the government could then file its written response on the record "in the normal course." (Id., PageID 1036-37).

Durachinsky filed a Notice of Intent to Pursue Motion for Bill of Particulars on February 8, 2019 (R. 61: Notice, Page ID 233), and the pending Motion for a Bill of Particulars was again discussed during the January 2021 pretrial hearing. (R. 142: Pretrial Tr., PageID 1122-26).[2] The

---

[2] Durachinsky's case remained active between February 8, 2019, and January 6, 2021. The parties litigated several motions during this time, including extensive briefing and a multi-day hearing on Durachinsky's Motion to Suppress.

Court noted it had temporarily postponed ruling "based on the notion that perhaps the motion would become moot." (Id., PageID 1124). Durachinsky expressed his desire to move forward with the Motion as previously filed. (Id., PageID 1123). The Court then ordered the government to file its written response in ten days, by January 16, 2021. (Id., PageID 1134).

On January 15, 2021, the government responded to Durachinsky's Motion for a Bill of Particulars. Not until this date did the Court have all the submissions and "information necessary to decide [Durachinsky's] pending pre-trial motion." Robertson, 260 F.3d at 503–04. As such, the time between the filing of the Motion for a Bill of Particulars and the government's written response is automatically excluded. See Mentz, 840 F.2d at 326-27 ("the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded.") (citations and footnotes omitted). See also United States v. Bell, 925 F.3d 362 (7th Cir. 2019) (time that pretrial motions, while in abeyance, were neither withdrawn nor resolved, and thus remained pending, was automatically excluded from the 70-day Speedy Trial Act calculation).

Once the government filed its response, Section 3161(h)(1)(H) became applicable, and a maximum of thirty days could be excluded on the theory that the court took the matter "under advisement." The Motion for a Bill of Particulars was officially "under advisement" by this Court beginning January 16, 2021. See Mentz (30-day period begins day after court receives submissions). This Court ruled on the Motion just 19 days later, on February 4, 2021, well within the 30-day "under advisement" period mandated by Section 3161(h)(1)(H).

As such, the time period of July 4, 2018 (filing date of Motion for Bill of Particulars), through February 4, 2021 (Court's ruling on Motion for Bill of Particulars), is excludable. Since

6

that time period encompasses the previously calculated 66 non-excludable days, no violation of the Speedy Trial Act occurred.

**II.  SHOULD THE COURT DETERMINE THAT A SPEEDY TRIAL VIOLATION OCCURRED, THE STATUTORY FACTORS WEIGH IN FAVOR OF A DISMISSAL WITHOUT PREJUDICE**

Should the Court reject the government's position regarding the Motion for a Bill of Particulars and continue to rely on the calculations made in its prior Order (R. 99: Order, PageID 860), the period of post-indictment delay in this case violated the Speedy Trial Act's 70-day indictment-to-trial rule. The remedy for that violation is dismissal of the indictment. 18 U.S.C. § 3162(a)(2). Such dismissal should be without prejudice.

In deciding whether to dismiss with or without prejudice, the district court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal; and (3) the impact of reprosecution on the administration of the Act and upon justice. 18 U.S.C. § 3162(a); United States v. Taylor, 487 U.S. 326, 333-37 (1988). In addition to the factors listed in the statute, the court should also consider whether reprosecution would prejudice the defendant. Taylor, 487 U.S. 326 at 340-41. For the reasons set forth in its initial response, the government contends that should the Court determine that dismissal is the proper remedy, the statutory factors weigh in favor of a dismissal without prejudice. (R. 124: Response, PageID 975-80).

The charges against Durachinsky are undeniably serious. He is a sophisticated cybercriminal who spent more than 13 years hacking thousands of computers around the world. Durachinsky created and used the Fruitfly malware to illegally access computers and obtain data and images of victims in their most private and intimate moments. The images Durachinsky recorded and saved include child pornography. He infected thousands of computers with a virus in order to secretly turn on the cameras and microphones on those computers so that he could

7

watch, record, and archive unwitting adults and children in a state of undress and/or engaged in sex acts—a reprehensible violation of privacy.

Durachinsky's offenses involve minor victims, as well as thousands of adult victims and several government institutions, including schools. His crimes inflicted considerable harm on these victims and the public and carry significant penalties. If convicted of all counts, Durachinsky faces at least 17 years and up to decades in prison. See, e.g., United States v. Robinson, 389 F.3d 582, 588 (6th Cir. 2004), citing United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000) (looking to the length of a sentence to determine the seriousness of an offense for the purposes of the Speedy Trial Act); United States v. Perez, 306 F. App'x 929, 933 (6th Cir. 2009) (The Sixth Circuit "has consistently approved this rationale for finding that the seriousness of the charged offense favored a dismissal without prejudice.").

As for the facts and circumstances surrounding the delay, the record clearly indicates that the delay was not a result of prosecutorial misconduct or bad faith. Indeed, the United States has pursued Durachinsky's case diligently, and "this is not a case where the defendant [can show] a pattern of negligence or bad faith on the part of the prosecutors." Robinson, 389 F.3d at 589. Indeed, the unusual circumstances surrounding the pandemic presumably contributed to some of the delay. The Court acknowledged as much when it stated: "[t]he unforeseeable challenges brought by the COVID-19 pandemic have compounded these complexities and caused additional delays." (See R. 99: Order, PageID 851).

Finally, Durachinsky does not argue, nor would a review of the record show, that he suffered any actual prejudice as a result of the delay. See, e.g., Moss, 217 F.3d at 431–32 (length of delay does not warrant a presumption of prejudice). As such, the impact of reprosecution on the Act and on justice also weigh in favor of a dismissal without prejudice.

### III.  CONCLUSION

Eight non-excludable days passed between Durachinsky's indictment and arraignment, but the time between Durachinsky's filing of his Motion for a Bill of Particulars and the Court's ruling on that Motion is excludable. Since that time period encompasses the previously calculated 66 non-excludable days, no violation of the Speedy Trial Act occurred, and Durachinsky's Motion (R. 122) should be denied.

Alternatively, should the Court calculate a Speedy Trial Act violation, the government contends that the statutory factors weigh in favor of a dismissal without prejudice. (R. 124: Response, PageID 975-80).

                Respectfully submitted,

                MICHELLE M. BAEPPLER
                First Assistant United States Attorney

By:  /s/ Daniel J. Riedl
       Daniel J. Riedl (OH: 0076798)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3669
       (216) 685-2378 (facsimile)
       Daniel.Riedl@usdoj.gov