# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18CR022 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | |
| PHILLIP R. DURACHINSKY, | : | **DEFENDANT'S NOTICE OF** |
| | : | **SUPPLEMENTAL AUTHORITY** |
| Defendant. | : | |

The defendant Phillip Durachinsky, by and through undersigned counsel, hereby submits *United States v. Helton*, No. 21-CR-28-CHB-HAI, 2024 U.S. Dist. LEXIS 78067, 2024 WL 1861033 (E.D. Ky. Apr. 23, 2024). In that case, the district court held that the government bears the burden to prove that competency has been restored, by a preponderance of the evidence:

> A natural reading suggests the government bears the burden to establish restoration. See United States v. Carter, No. 1:12-CR-29, 2013 U.S. Dist. LEXIS 177382, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) ("It appears the burden of proving a defendant who was previously found incompetent is now competent may be allocated to the government" and placing the burden on the government per the parties' agreement); United States v. Baldwin, No. 1:10-CR-00146, 2012 U.S. Dist. LEXIS 151169, 2012 WL 5205814, at *2 (W.D. Mich. Oct. 22, 2012) (same). The undersigned has previously indicated that the government carries the burden of proof in the section 4241(e) context. United States v. Myrick, No. 6:17-CR-70-CHB-HAI-2, 2021 U.S. Dist. LEXIS 106320, 2021 WL 2302735, at *4 (E.D. Ky. May 13, 2021), *report and recommendation adopted*, No. 6:17-CR-070-2-CHB, 2021 U.S. Dist. LEXIS 105323, 2021 WL 2292242 (E.D. Ky. Jun. 4, 2021).

*Id.* at *9.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Darin Thompson*
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org
