UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:18 CR 22 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP R. DURACHINSKY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

## I. BACKGROUND

Today, by a separate order, the court determined that Defendant Phillip R. Durachinsky ("Defendant" or "Durachinsky") has not been restored as competent to stand trial. However, the court finds that with additional treatment, Mr. Durachinsky has a reasonable probability of attaining competency. As such, the court orders that Defendant should be returned to the custody of the Attorney General at a suitable treatment facility for four months to determine competency.

## II. LAW AND ANALYSIS

18 U.S.C. § 4241 codifies the competency principles outlined in *Dusky v. United States*, 362 U.S. 402 (1960). As outlined in Section 4241, a criminal defendant is competent to stand trial or proceed to sentencing if they possess "(1) a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Dubrule*, 822 F.3d 866, 875 (6th Cir. 2016) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Where a Defendant is found to not be

competent to stand trial, Section 4241 provides that a court may commit a defendant for treatment aimed at restoring his competency for a period "not to exceed four months," **and** "for an *additional reasonable* period of time[.]" 18 U.S.C. § 4241(d) (emphasis added).

A defendant can only be held in excess of the initial four-month period where "the court finds that the individual is likely to attain competency within a reasonable time." *U.S. v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986); *see also United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) ("Any additional period of confinement depends upon the court's finding there is a probability that within the additional time he will attain capacity to permit trial[.]"), *U.S. v. Farmer*, 110 F. Supp. 3d 1355, 1357 (S.D. Ga. 2015) ("While other sections of the statute place stricter time limitations on the period for assessing a defendant's competency under § 4241(a), (b), and (c), or dangerousness under § 4246, see 18 U.S.C. § 4247(b), greater temporal flexibility is allowed during the treatment phase of a defendant who has been found to be incompetent.").

In Mr. Durachinsky's case, the court finds that the defendant has not yet been restored to competency, but that, based on the reports and testimony of the Doctors reviewed at the September 25, 2024, Competency Hearing, it is likely that Defendant can be restored with medical treatment. The court credits the findings of Dr. McConnel, who has extensive experience working with patients diagnosed with Autism Spectrum Disorder (ASD). Per Dr. McConnell, there are ASD-specific treatments that may be utilized in Mr. Durachinsky's case. The court, therefore, orders that Defendant remain in the custody of the Attorney General for an additional period of four months for the purpose of receiving further treatment. Based on the reports and testimony of medical professionals, the court finds that such treatment is likely to restore Defendant to competency.

## III. CONCLUSION

For the foregoing reasons, the court orders, pursuant to 18 U.S.C. § 4241(d)(2)(A), that Defendant shall be returned to the custody of the Attorney General for an additional period not to exceed four months to determine whether Defendant is restored to competency. The facility in which Defendant is placed is to provide the court with a two-moth progress report on Mr. Durachinsky's treatment.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 12, 2024