IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR022 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP DURACHINSKY, | ) | GOVERNMENT'S MOTION IN LIMINE |
| | ) | TO PRECLUDE IRRELEVANT |
| Defendant. | ) | DEFENSES |
| | ) | |

Now comes the United States of America, by and through David M. Toepfer, United States Attorney, and Matthew W. Shepherd and Brian S. Deckert, Assistant United States Attorneys, and Gaelin Bernstein, Trial Attorney, United States Department of Justice, and hereby moves *in limine* that the Court issue an order limiting the evidence or defenses that Phillip Durachinsky ("Defendant" or "Durachinsky") may present at trial, specifically precluding the Defendant from putting the investigation and prosecution "on trial," and from relitigating pretrial motions at trial. The Court should grant this motion for the reasons set forth below.

## I. BACKGROUND

On January 24, 2017, a criminal complaint (Case No. 1: 17 MJ 9011) was filed against Durachinsky, charging him with Damaging Protected Computers, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B). (R. 1: Criminal Complaint, PageID 1-9). On January 10, 2018, a grand jury returned a sixteen-count indictment charging Durachinsky with Accessing Damaging Protected Computers and a Government Computer, in violation of 18 U.S.C. § 1030; Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Wire Fraud, in violation

of 18 U.S.C. § 1343; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1); and Illegal Wiretapping, in violation of 18 U.S.C. § 2511(1)(b) and (4)(a). (R. 38: Indictment, PageID 105-15). On November 17, 2022, a grand jury returned a 36-count superseding indictment charging Durachinsky, charging multiple counts of the same statutory violations. (R. 150: Superseding Indictment, PageID 1184-97). On February 23, 2023, a grand jury returned a second superseding indictment in this matter charging Durachinsky with 36 counts of the same statutory violations, with changes to dates of some charges. (R. 160: Second Superseding Indictment, PageID 1246-60).

During the pendency of this matter, Durachinsky has litigated numerous motions before this Court regarding wide-ranging issues, including his detention, (R. 96: Motion for Detention Hearing, PageID 832-39); discovery, (R. 54: Motion for Bill of Particulars, PageID 175-82), (R. 61: Notice of Intent to Pursue Motion for Bill of Particulars, PageID 233), and (R. 83: Motion to Compel, PageID 773-74); suppression, (R. 63: Motion to Suppress, PageID 236-326); the substance and format of the charges against him, (R. 91: Motion to Dismiss count Three, PageID 795-805), (R. 106: Motion for Relief from Prejudicial Joinder, PageID 905-09), (R. 113: Motion to Strike Surplusage, PageID 945-46), R. 121: Motion to Dismiss for Failure to State an Offense, PageID 960-967), (R. 155: Motion to Dismiss and Strike Allegations, PageID 1215-24), (R. 161: Motion to Dismiss and Strike Allegations, PageID 1264-73); and miscellaneous other issues, (R. 94: *Pro Se* Letter, PageID 817-824), (R. 122: Motion to Dismiss for Speedy Trial, PageID 968-72), (R. 156: Motion to Sever Counts 11-13, PageID 1225-29), and (R. 167: Motion to Sever Counts 11-13, PageID 1300-04). The Court has held multiple hearings throughout the pendency of the case, including a thorough, two-day hearing on the motion to suppress. (See R. 79: Supp.

Hrg. Tr. Vol. 1, 12/9/2019, PageID 448-622; R. 80: Supp. Hrg. Tr. Vol. 2, 12/10/2019, PageID 623-768).

The Court has denied most of the Defendant's substantive motions. (*See, eg.,* R. 76: Order Denying Motion to Suppress, PageID 422-45; R. 99: Order Denying Motion for Bill of Particulars and Motion to Dismiss Count Three, Granting in Part and Denying in Part Motoin to Compel Discovery, PageID 850-61; R. 127: Order Denying Motion to Dismiss for Speedy Trial, PageID 989-95; R. 175: Order Denying Motion to Dismiss, PageID 1366-91).

In May 2023, competency proceedings were initiated regarding Durachinsky's ability to stand trial, and the Defendant was ordered to undergo a competency evaluation. (*See* R. 176: Motion for Competency Hearing, PageID 1392-1442; R. 177: Government's Motion for Competency Evaluation, PageID 1443-45; R. 178: Order Granting Motion for Competency Evaluation, PageID 1446-47; R. 179: Order Directing Competency Evaluation, PageID 1448-49). After completion of the competency evaluation, on December 8, 2023, this Court found Durachinsky incompetent to stand trial and committed Durachinsky to a facility to restore competency. (R. 184: Order, PageID 1478-80; R. 185: Order, PageID 1481-82).[1] After the restoration period was complete, on September 25, 2024, the Court held a contested competency hearing. (R. 215: Competency Hearing Minutes, PageID 1679). On November 12, 2024, this Court found that Durachinsky had not been restored to competency and directed further competency restoration efforts. (R. 219: Order, PageID 1827-38; R. 220: Order, PageID 1842-44).[2] A final competency hearing was held over multiple days in September and December 2025,

[1] Durachinsky appealed these orders to the Sixth Circuit and this Court's decision was affirmed. (R. 235: True Copy of Mandate, PageID 1942) (docketing the Sixth Circuit decision in Case No. 23-4019).

[2] Durachinsky also appealed these orders to the Sixth Circuit and this Court's decision was

and Durachinsky ultimately stipulated to competence on December 2, 2025. (R. 240: Competency Hearing Minutes, 9/8/2025, PageID 1976-77; R. 249: Stipulation to Competency, PageID 2087; R. 250: Minutes, 12/5/2026, PageID 2088-89). This Court further found that Durachinsky was competent. (*Id.*).

On January 9, 2026, Durachinsky filed a motion to revoke this Court's detention order, (R. 255: Motion to Revoke Detention Order, PageID 2100-08), and on April 2, 2026, this Court granted the motion and set conditions for Durachinsky's release. (R. 256: Order, PageID 2109-15). Durachinsky was released shortly thereafter and remains out of custody pending trial.

This matter has been set for trial on six prior occasions: (R. 41: Criminal Pretrial Order, PageID 132-34) (setting trial for March 23, 2018); (R. 82: Criminal Trial Order, PageID 770-72) (setting trial for February 1, 2021); (R. 104: Criminal Trial Order, PageID 892-94) (setting trial for August 23, 2021); (R. 147: Criminal Trial Order, PageID 1177-79) (setting trial for January 17, 2023); (R. 154: Revised Criminal Trial Order, PageID 1212-1214) (setting trial for May 8, 2023); (R. 171: Revised Criminal Trial Order, PageID 1325-27) (setting trial for July 17, 2023). On August 24, 2026, this Court set this matter for trial on February 8, 2027, with a final pretrial conference on January 5, 2027. (R. 263: Criminal Trial Order, PageID 2140-42).

## II. APPLICABLE LAW

The United States moves, *in limine*, to prohibit Defendant from presenting certain evidence or defenses. "'The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Montana*

---

affirmed again. (R. 248: True Copy of Mandate, PageID 2086) (docketing the Sixth Circuit decision in Case No. 24-4009)

*v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). Federal Rule of Evidence 402 provides that only relevant evidence is admissible at trial. Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." The Supreme Court explained, "'[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.'" *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (quoting Advisory Committee Notes, Fed. R. Evid. 401). "'[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' is relevant." *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (quoting *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998)).

Relevant evidence, however, is not always admissible. Federal Rule of Evidence 403 gives the Court discretion to exclude evidence, even if relevant, "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A trial court's determinations as to the admissibility or relevance of evidence "depend on the exercise of sound judgment within the context of the entire trial." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (trial court's ruling *in limine* to limit cross-examination about cooperator's likely prison term not an abuse of discretion where it appeared such testimony would be used to compare to defendant's own likely term of incarceration) (citing *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991)).

Citing these rules, the Sixth Circuit and other circuits have repeatedly upheld the exclusion of irrelevant defenses. *See, e.g., United States v. Hart*, 70 F.3d 854, 858 (6th Cir. 1995) (limiting cross-examination of government witness regarding her past manipulations of government agents in an unrelated matter upheld); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding trial court's decision to exclude defense evidence that government investigation was sloppy); *United States v. Poindexter*, 942 F.2d 354, 362 (6th Cir. 1991) (trial court's exclusion of cross-examination to support self-defense claim upheld in prosecution for carrying a weapon during commission of a drug trafficking crime); *United States v. McElroy*, 910 F.2d 1016, 1024-25 (2d Cir. 1990) (upholding district court's exclusion of defense that the victim, a bank, was not injured in fraud prosecution); *United States v. Fierros*, 692 F.2d 1291, 1294 (9th Cir. 1982) (upholding exclusion of evidence that defendant was ignorant of the law in prosecution under statute that did not require proof that defendant knew his actions violated the statute).

Similarly, trial courts in this Circuit have barred defendants from probing government decision-making and eliciting evidence regarding prior procedural stages of the case at trial. *See, e.g.*, *United States v. Callahan*, No. 1:13CR0339-1, 2014 WL 535690, at *2 (N.D. Ohio Feb. 7, 2014) (Pearson, B.) (prohibiting parties "from eliciting testimony about the charges that were previously filed in state court against the Defendants and from making any argument that the charges in this case are more 'appropriate' for the state criminal justice system," finding that "[s]uch evidence is irrelevant and would only serve to confuse and mislead the jury and waste the Court's time"); *United States v. Miller*, 644 F. Supp. 3d 373, 375 (E.D. Ky. 2022) (excluding evidence of the defendant's previous mistrial in which the jury was unable to reach a verdict because it "is not probative of the defendant's guilt or innocence and so is irrelevant"); *United*

*States v. Theunick*, No. 05-CR-20002, 2007 WL 2225852, at *1 (E.D. Mich. Aug. 2, 2007) (precluding defendants from introducing evidence related to state authorities' prior decision not to prosecute).

## III. ARGUMENT

### a. *The Defendant should be precluded from putting the investigation "on trial."*

The Court should consequently bar Defendant from putting the government's investigation and subsequent prosecution "on trial." As evidenced by the extensive motion practice in this case, the Defendant has had abundant opportunity to litigate any legally-cognizable issues with the charges in this matter, the collection of evidence in this investigation, discovery, and his detention. Controlling law and the Rules of Evidence and Criminal Procedure all recognize these issues as ones of law, not fact, and properly before the court and not the jury.

The government expects Defendant may raise these issues through cross-examination or in opening or closing statements, but such arguments are irrelevant, confusing, and misleading. This Court should therefore prohibit Defendant from putting the government's investigation and prosecution, "on trial."

The Sixth Circuit has barred similar arguments in past cases. In *United States v. Veal*, the Sixth Circuit affirmed a trial court's exclusion of evidence that the government's agents made mistakes during their investigation, including miscalculations about the number of bogus prescriptions involved in the case. 23 F.3d at 989. In *Veal*, the defense argued that they wanted to show that the investigation was "sloppy[,]" but the district court reasoned that such evidence was irrelevant because the jury was not "called upon to determine whether the government's investigation had been good or bad." *Id*. The Sixth Circuit affirmed. *Id*.

More recently, in *United States v. Coffman*, the Sixth Circuit reaffirmed the continuing vitality of its *Veal* decision when it upheld a conviction despite a claim from the defendant that

he should have been permitted to admit evidence on the "quality and accuracy of the Government's investigation." 574 Fed. Appx. 541, 555 (6th Cir. 2014). Citing *Veal*, the court held that "a trial court does not abuse its discretion in excluding as irrelevant accusations that the Government's investigation was not perfect." *Id*. *See also United States v. Bell*, No. CR 17-20183, 2022 WL 1214157, at *3 (E.D. Mich. Apr. 25, 2022) (observing that "a flawed investigation says nothing about the evidence that the Government may be able to amass against the Defendants," and recognizing the "unavoidable speculation in allowing this defense inquiry" and "[s]peculative evidence is plainly unacceptable" (citing *United States v. Catching*, 786 F. App'x 535, 539 (6th Cir. 2019) ("[M]ere speculative inferences are never allowable, and cannot be regarded as evidence.")).

In the infamous Timothy McVeigh case, the Tenth Circuit followed *Veal* in affirming the exclusion of questioning and evidence designed to attack the government's investigation. *United States v. McVeigh*, 153 F.3d 1168 (10th Cir. 1998). McVeigh wanted to introduce evidence that there were alternate perpetrators possibly responsible for the conspiracy to destroy the Murrah building and that the government suspended its independent investigation after McVeigh's arrest and centered only on him as a suspect, which resulted in a "shoddy and slanted" investigation. *Id*. at 1190. The Tenth Circuit noted that it may be proper to question the sloppy nature of the government's investigation *when it affects evidence in the case*, for example when the poor nature of the investigation tainted the chain of custody of evidence offered at trial. *Id*. at 1192 (citation omitted). But when the defense attempts to question the investigation in a manner divorced from the reliability of evidence at trial procured through the investigation, that strategy improperly "divert[s] the jury's attention from the issues of the trial." *Id*. (citation omitted). The Tenth Circuit determined that putting the investigation on trial was irrelevant:

> Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation. The district court did not abuse its discretion, but rather is to be commended, in keeping the focus of the trial upon the issue properly before the jury.

*McVeigh*, 153 F.3d at 1192.

Here, the government's investigation is not on trial; the Defendant is on trial for the charged course of conduct. And the relevant question is whether there is sufficient evidence of Defendant's guilt, not whether there is sufficient evidence that the investigation proceeded in the way that Defendant would have preferred. "[T]he Government's conduct is not an element of any offense, and defense claims of misconduct are the province of the Court, whether seeking suppression or other relief." *United States v. Smith*, 811 F. Supp. 3d 523, 549 (S.D.N.Y. 2025). Despite this, the Defendant may attempt to present at trial allegations that he has previously made in this case criticizing the conduct of the investigation and prosecution. For example, in his letter to this court at ECF No. 94, the Defendant alleged "newly discovered evidence," "false statements by Government attorneys and witnesses accepted by the Court," and "other arguments not previously made. . . ." (R. 94: Pro se Letter, PageID 817-824). These claims are unsupported and irrelevant to the Defendant's guilt or innocence. The government therefore seeks an order restricting the Defendant from putting any such allegations about the conduct of the investigation or prosecution before the jury. This Court should accordingly bar Defendant from putting the government's investigation and the subsequent prosecution a "on trial."

b. ***The Defendant should be precluded from attempting to relitigate pretrial motions at trial, including the motion to suppress and competency motions.***

The Defendant may attempt to relitigate the outcome of pretrial motions at trial. For example, he may seek to present argument or evidence to the jury relating to the legality of the search and seizure of his electronic devices. The Defendant previously filed and litigated a

motion to suppress that evidence, and this Court denied that motion. Similarly, he may seek to present argument or evidence related to the competency proceedings in this case. Those proceedings were already the subject of extensive litigation that resulted in a finding that the Defendant is competent. He may seek to relitigate other motions or issues that he has raised before this Court. These efforts should be rejected, and the Defendant should be precluded from relitigating at trial pretrial motions that were already properly decided by this Court.

Trial courts properly restrain the jury's consideration of evidence to questions of fact relevant to determining the Defendant's guilt. The Supreme Court has "repeatedly pointed out … that the interests underlying a [pretrial] hearing do not coincide with the criminal law objective of determining guilt or innocence." *United States v. Raddatz*, 447 U.S. 667, 678 (1980) (discussing a suppression hearing considering a question of a statement's voluntariness) (citing *United States v. Janis*, 428 U.S. 433, 453–454 (1976); *United States v. Peltier*, 422 U.S. 531, 535–536, 538–539 (1975); *Rogers v. Richmond*, 365 U.S. 534, 540–544 (1961)).

Both the Federal Rules of Evidence and of Criminal Procedure reflect this same distinction. Under Federal Rule of Evidence 104(a), "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Similarly, Federal Rule of Criminal Procedure 12(b)(3) details motions that "*must* be made before trial," including: "(A) a motion alleging a defect in instituting the prosecution, including: . . . (iii) a violation of the constitutional right to a speedy trial; . . . [or] (B) a defect in the indictment or information; including (i) joining two or more offenses in the same county (duplicity); . . . (iv) improper joinder; and (v) failure to state an offense; (C) suppression of evidence; (D) severance of charges . . . ; and (E) discovery under Rule 16." (emphasis added).

Pretrial rulings on issues such as the suppression of evidence become the law of the case, and defendants may not seek to re-litigate those rulings at trial. *See United States v. Muhammad*, 340 F.App'x. 548, 550 (11th Cir. 2009) ("Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial."); P*oindexter*, 942 F.2d at 362 (affirming district court ruling precluding cross-examination of agent regarding knock and announce requirements when executing search warrant because court "had already ruled at the pretrial hearing that the police had knocked as required by law, so that this was not an issue for the jury to decide at trial").

Here the Defendant has had a full and fair opportunity to litigate his pretrial motions, including the opportunity for full evidentiary hearings. For example, the Court held a thorough and lengthy hearing on Defendant's motion to suppress and a contested evidentiary hearing regarding competency. The Court's rulings on these issues stand as the law of this case and should not be relitigated at trial. Therefore, the Defendant should be precluded from relitigating pretrial motions at trial.

## IV. CONCLUSION

For the foregoing reasons, the United States requests that the Court preclude Defendant from putting the investigation and prosecution "on trial" and from relitigating pretrial motions at trial.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: */s/ Matthew W. Shepherd*
Matthew W. Shepherd (OH: 0074056)
Brian S. Deckert (OH: 0071220)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3859
(216) 685-2378 (facsimile)
Matthew.Shepherd@usdoj.gov
Brian.Deckert@usdoj.gov

Gaelin Bernstein (NY: 6081079)
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue, Suite 600
Washington, D.C.
(202) 514-9752
(202) 514-6113 (facsimile)
Gaelin.Bernstein@usdoj.gov